*Howell Brooke,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

---

## 6265. GREAT EASTERN CASUALTY COMPANY OF NEW YORK *v.* REED.

WADE, J. 1. The action was upon a policy of insurance "providing indemnity for loss of life, limb, limbs, sight, or time, by accidental means, and for loss of time by sickness." The policy contained the following stipulation: "This policy is issued subject to all the foregoing agreements, provisions, conditions, limitations, and clauses, none of which can be violated without forfeiture of all rights hereunder, or waived or altered by any agent or solicitor. Any waiver or alteration, to be valid, must be by endorsement hereon, signed by an officer of the company at the home office." By the acceptance of the policy the insured assented to this stipulation, and therefore can not rely upon any waiver of its terms thereafter made by an agent of the company, or upon any consent, assent, or agreement on the part of such agent (the waiver not being made in the exact manner required by this stipulation, or, in contemplation of law, by an "officer" of the company) to dispense with, waive, or relax any of the binding conditions or provisions recited in the contract itself, by compliance with which liability on the policy could alone be established. See *Hutson* v. *Prudential Insurance Co.,* 122 *Ga.* 847 (50 S. E. 1000); *American Assurance Association* v. *Hardiman,* 124 *Ga.* 379 (52 S. E. 536); *Vardeman* v. *Penn Mutual Life Insurance Co.,* 125 *Ga.* 117 (54 S. E. 66,·5 Ann. Cas. 221); *Bank of Commerce* v. *New York Life Insurance Co.,* 125 *Ga.* 552 (54 S. E. 643). The Supreme Court of this State (and consequently this court also) "is committed to the doctrine that the company can limit

the authority of the agent effectively as to one who has notice of the limitation, and that such terms in the policy charge the insured with notice." *Rome Industrial Ins. Co.* v. *Eidson,* 138 *Ga.* 592, 594 (75 S. E. 657), and cases there cited.

2. The policy under consideration contained the following stipulation: "If the insured is disabled by injury or sickness for more than thirty days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company, every thirty days, a report in writing from his attending physician or surgeon, fully stating the condition of the insured and the probable duration of his disability." The insured could not rely upon the statement, assurance, consent, assent, or agreement of an agent of the company that a compliance with this stipulation would be unnecessary.; and if for that reason he failed to make the reports in writing required by the terms of the contract, he can not recover for loss of time, resulting from the sickness not reported, under a provision thereof forfeiting all right of recovery for such failure to report. No waiver on the part of the company resulted from the representations of its agent, nor was the company estopped by his representations from insisting upon this stipulation and setting up, as a bar to recovery on the policy, the failure of the plaintiff to conform thereto.

3. The fact that, after the right to demand compensation for loss of time caused by sickness was forfeited on account of the failure of the insured to make the reports as to his physical condition, required by the contract, the insurance company refused, for an entirely different reason, to pay any indemnity under the policy, would not estop the company from setting up, in defense to a claim for such indemnity, the failure of the insured to make such reports. It appears, from the evidence, that the statement of the ground upon which payment of the indemnity claimed was refused was actually made after the right to claim such indemnity had been forfeited by reason of the failure to do the antecedent things required by the terms of the policy, and the refusal to pay, based upon the ground stated, in no wise contributed to cause a breach of any stipulation in the policy by the insured, or to bring about a forfeiture of his claim for indemnity.

4. "When the insurer has acted in such a way as to give the insured reason to believe that some known right under the policy would not be insisted upon, and the insured has acted upon that belief, the insurer will be estopped to give the lie to his conduct and claim that right to the prejudice of the insured." Vance on Insurance, 435. Had the insurance company refused to pay the policy for some other alleged reason before any failure on the part of the insured to make the reports required by the terms of the contract, it may be that the company would have been estopped from setting up in defense his breach of the contract in this respect, but the refusal to pay, not based upon such breach, was made not only after repeated breaches in failing to make reports, but after recovery from the illness for which indemnity was claimed, and after all final proofs had been submitted. The refusal to pay then made could not have caused these breaches; nor,

under the express terms of the contract, could the previous representations of the agent alone bind the company as a waiver, since it does not even appear that these representations were ever brought to the knowledge of the company and ratified by it. The insured was not induced to act to his hurt by a refusal of the insurer to pay which was based on a different ground from that now urged to defeat his claim for indemnity.

5. It is unnecessary to consider the assignments of error other than those dealt with in the foregoing rulings. The trial judge erred in directing a verdict, and in thereafter overruling the motion for a new trial.

*Judgment reversed. Russell, C. J., dissents.*

DECIDED FEBRUARY 10, 1916.

Action on insurance policy; from city court of Atlanta—Judge H. M. Reid. December 12, 1914.

*Payne & Jones,* for plaintiff in error. *George Westmoreland,* contra.

RUSSELL, C. J., dissenting. In my view of this case it is immaterial that the facts to which the waiver related and upon which it was based anteceded the company's statement of the ground of its refusal to pay the claim. The undisputed waiver on the part of the agent of the company of the requirement that written notice of the condition of the assured should be given every thirty days, apparently acted upon by the company in stating the ground upon which it declined payment of the claim, resulted in an estoppel which precluded the company· from asserting upon the trial any other ground than that originally asserted by it.