7085. BAILEY *v.* FIRST NATIONAL FIRE INSURANCE COMPANY.

RUSSELL, C. J. 1. Under the allegations of the plaintiff's petition as amended, the plaintiff was not entitled to recover, and the court did not err in sustaining a general demurrer and dismissing the action.

(a) The suit was upon a contract of fire insurance, and it appears from the petition that the plaintiff failed to give immediate written notice of the loss to the company, in accordance with the stipulation of the contract which provided that "if fire occur, the insured shall give immediate notice of any loss thereby in writing to this company." The contract further provided that no suit on the policy should be sustainable until after full compliance with this, among other requirements. Compliance with this stipulation was a condition precedent to the payment of the loss. *Southern Home Building & Loan Asso.* v. *Home Ins. Co.,* 94 *Ga.* 167 (21 S. E. 375, 27 L. R. A. 844, 47 Am. St. R. 147); *Graham* v. *Niagara Fire Ins. Co.,* 106 *Ga.* 840 (32 S. E. 579).

(b) The alleged waiver of the requirement was ineffective, because it was subject to the exception which provided that no officer, agent, or representative of the company should have power to waive, or be deemed to have waived, any provision or condition of the policy, unless such waiver be written upon or attached thereto. *Hutson* v. *Prudential Ins. Co.,* 122 *Ga.* 847 (50 S. E. 1000); *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92).

2. It not appearing, from the allegations of the petition, that the person to whom an affidavit as to the loss by fire was delivered was an agent authorized to receive proof of loss in behalf of the defendant, it was not made to appear that the stipulation which required the insured to render a statement to the company as to the time and origin of the fire, etc., was complied with; and compliance with this stipulation was, in the absence of an extension of the time or a waiver in the manner prescribed in the policy, a condition precedent to recovery.

3. While a failure on the part of the insured to furnish notice and proof of loss, induced by deception or gross neglect on the part of an insurer, may not prevent a recovery upon a contract of fire insurance, because in such a case the insurer would be estopped to insist upon a forfeiture, still the alleged fact that the insurer refused payment at a particular time when (construing the allegations of the pleadings strictly) the conditions precedent to payment had not been complied with would not, without more, estop the insurer from defending upon the ground that there had been a failure to furnish notice of the fire and proofs of loss as required by the terms of the contract.

*Judgment affirmed.*

DECIDED MAY 31, 1916.

Certiorari; from Fulton superior court—Judge Bell. October 20, 1915.

*Powers & Leavitt,* for plaintiff.

*Little, Powell, Smith & Goldstein,* for defendant.