9510.　WILLIAMS *v.* ATLAS ASSURANCE COMPANY LIMITED OF
LONDON.

JENKINS, J.　1. Where a policy of fire insurance contains no provision to
　　the contrary, a statement by the insurer's agent who represented it in
　　receiving the application for insurance, in collecting the premium, and
　　in issuing the policy, made to the insured within the time in which,
　　under the terms of the policy, proofs of loss were required to be made,
　　that the company declines or refuses to pay the loss, will amount to a
　　waiver of such proof. *Phenix Insurance Co.* v. *Searles,* 100 *Ga.* 97
　　(27 S. E. 779).
2. But where such a policy of insurance contains the following stipula-
　　tion, viz: "This policy is made and accepted subject to the foregoing
　　stipulations and conditions, together with such other provisions, agree-
　　ments, or conditions as may be indorsed hereon or added hereto, and no
　　officer, agent, or other representative of this company shall have power
　　to waive any provision or condition of this policy except such as by
　　the terms of this policy may be the subject of agreement indorsed hereon
　　or added hereto, and as to such provisions and conditions no officer,
　　agent or representative shall have such power or be deemed or held to
　　have waived such provisions or conditions unless such waiver, if any,
　　shall be written upon or attached hereto, nor shall any privilege or
　　permission affecting the insurance under this policy exist or be claimed
　　by the insured unless so written or attached," such an agent's notice
　　of refusal to pay the loss would not bind the company as a waiver on
　　its behalf of the contractual duty of furnishing the proofs of loss called
　　for by the terms of the contract of insurance. *Johnson* v. *Ætna Insur-
　　ance Co.,* 123 *Ga.* 404, 409 (51 S. E. 339, 107 Am. St. R. 92). If, how-
　　ever, such an absolute refusal to pay be made by such an authorized
　　agent of the insurer as had authority to represent it in determining
　　whether or not the policy should be paid, the rule would be otherwise.
　　*Continental Insurance Co.* v. *Wickham,* 110 *Ga.* 129 (35 S. E. 287).
3. Where a policy of fire insurance, in addition to the stipulation quoted
　　above, provides that the insured shall, within a named period after
　　the fire, furnish to the insurer certain specified proofs of loss, signed
　　and sworn to, then even an agent of the company whose duty it is to
　　ascertain and determine its liability under the policy has no authority
　　to dispense with such proof on the part of the insured by a mere
　　verbal waiver of such contractual requirement. *Bailey* v. *First National
　　Fire Insurance Co.,* 18 *Ga. App.* 213 (89 S. E. 80).
4. While the mere act of furnishing oral information to such an adjuster
　　as to the fact that a fire had occurred, together with a written list or
　　memorandum of the goods alleged to have been destroyed by the fire,

would not, without more, dispense with compliance with the stipulations as to proofs of loss, yet where the insured, within the time allowed, in good faith endeavors thus to comply with the requirements of the policy in regard to proofs of loss, by giving such notice thereof, and furnishing to the authorized adjuster of the insurance company such written list or memorandum of the goods alleged to have been destroyed, and the company's agent accepts as sufficient such oral and written notice as being in compliance with the requirements of the policy, and the company makes no objection thereto, the insurer will be estopped from denying literal compliance with the terms of the policy relative to such proofs. *Phœnix Insurance Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67).

5. In a suit upon a second policy of insurance which contains the following provision, viz.: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," in order that the defendant company should be held to have waived such provision relative to the issuance of a previous policy, there must have been actual notice to the company's agent, at the time he wrote the second policy, of the existence of the previous contract of insurance. While actual notice to such an agent is constructive notice to his principal, constructive notice to such agent will not be held to be constructive notice to the principal. *Liverpool &c. Insurance Co.* v. *Hughes,* 145 *Ga.* 716 (89 S. E. 817).

6. The evidence of the plaintiff himself having disclosed that he had previously applied for a policy of insurance in another company and paid the premium therefor, the previous contract of insurance became consummated upon the issuance of the policy, even though it still remained in the hands of the agent and the plaintiff did not in fact know that it had been actually issued. Civil Code (1910), § 2470; *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134); *Todd* v. *German American Ins. Co.,* 2 *Ga. App.* 789 (59 S. E. 94). The facts which in this case could at most be taken as constructive notice only to the agent of the defendant company who issued the second policy, of the existence of the former policy, would not constitute notice to the principal and operate as a waiver of the prior policy on its part, and the trial judge therefore did not err in granting a nonsuit in defendant's favor.

*Judgment affirmed.   Wade, C. J., and Luke, J., concur.*

DECIDED OCTOBER 15, 1918.

Action on insurance policy; from city court of Greenville—Judge Revill.   December 7, 1917.

*McLaughlin & Jones, N. F. Culpepper,* for plaintiff.

*Smith, Hammond & Smith, Hatchett & Hatchett,* for defendant.