## 13089. FOLDS v. FIREMAN'S FUND INSURANCE COMPANY.

BROYLES, C. J. 1. A stipulation in a policy of fire insurance, that in the event of loss, the assured shall furnish, *within 60 days thereafter,* proofs of loss to the company (unless such time is extended in writing by the company), and a further stipulation that it is a condition of the policy that a failure to so submit the proofs of loss shall render the claim null and void, and the further stipulation that the policy is accepted subject to all the provisions therein, are valid and binding provisions, and a failure to submit the proofs of loss within the time specified in the policy will prevent a recovery by the assured, unless such provisions of the policy are waived by the company, or by some agent thereof who has authority to make such waiver for the company. See, in this connection, *Underwriters' Agency* v. *Sutherlin,* 55 *Ga.* 267; *Melson* v. *Phenix Insurance Co.,* 97 *Ga.* 722 (25 S. E. 189); *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622, 624, (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216), and authority cited.

2. Where a policy of fire insurance contains the stipulations referred to in the preceding note, and contains the further stipulation that no officer, agent or other representative of the company shall have power to waive any of the terms of the policy unless such waiver be written upon or attached thereto, and that no privilege or permission affecting the insurance under the policy exists or shall be claimed by the assured unless it is so written or attached, the refusal of the proofs of loss offered him by an adjuster of the company and his statement that he waived the same and that it would be unnecessary to file the same, as he for the company acknowledged the loss but denied any liability therefor, would not constitute a denial of liability, or a waiver of the proofs of loss, by the company, where no such waiver was written upon or attached to the policy. *Underwriters' Agency* v. *Sutherlin,* supra; *Metro-*

politan Life Insurance Co. v. Caudle, 122 Ga. 608, 610 (50 S. E. 337); Williams v. Atlas Assurance Co., 22 Ga. App. 661 (97 S. E. 91); Bailey v. First National Fire Insurance Co., 18 Ga. App. 213 (89 S. E. 80); Slater v. Williamsburg City Fire Insurance Co., 68 W. Va. 779 (71 S. E. 197).

3. Under the foregoing rulings and the pleadings in the instant case, the court did not err in dismissing the amended petition on general demurrer.        Judgment affirmed.   Luke and Bloodworth, JJ., concur.

DECIDED MARCH 7, 1922.

Action on insurance policy; from Carroll superior court — Judge Roop.   October 6, 1921.

Certiorari was denied by the Supreme Court.

Willis Smith, Boykin & Boykin, for plaintiff.

S. Holderness, Smith, Hammond & Smith, for defendant.