14350, 14351.   JONES *v.* PACIFIC FIRE INSURANCE CO.;
and *vice versa.*

Under the facts of this case and the decisions on the question as to
waiver of the conditions of the fire-insurance policy in regard to proofs
of loss, this court cannot hold that the trial judge abused his discretion
in refusing to set aside the judgment of nonsuit and reinstate the case.

DECIDED NOVEMBER 14, 1923.

Motion to set aside judgment; from Floyd superior court—Judge
Irwin presiding.   January 11, 1923.

Application for certiorari was made to the Supreme Court.

The action was upon a fire-insurance policy containing provisions
similar to those passed upon in cases cited in the following decision,
as to the furnishing of proofs of loss and as to waiver of conditions
of the policy.   On the trial the plaintiff failed to prove compliance
with the provisions of the policy as to the furnishing of proofs of
loss, but testified that on the next day after the burning of the
property insured he told the defendant's local agent about the burn-
ing, and the agent said that he would notify the insurance company
at once; that the agent requested the plaintiff to send in an itemized
statement of what was burned, and in a day or two the plaintiff
carried to the agent the itemized statement; that the agent said
he would forward the statement immediately to the company; that
the plaintiff went back several times to the agent and the agent
told the plaintiff he had not gotten any hearing on it, and finally
he told the plaintiff that they were not going to pay the claim; that
this was four or five weeks after the itemized statement had been
furnished; and that the plaintiff was "something over two months
trying to get it before he sued."   A nonsuit was granted on motion
of the defendant.   The plaintiff filed in due time a motion to set
aside this judgment and to reinstate the case; the motion was over-
ruled, and the case came to this court on exceptions to the overrul-
ing of the motion.   A cross-bill of exceptions assigned error on the
overruling of certain demurrers of the defendant.   In support of
the motion to set aside the judgment of nonsuit the plaintiff intro-
duced the affidavit of an adjuster, who stated therein that he had
authority to make a settlement for the fire-insurance company, and
that he discussed the matter with the plaintiff and finally stated
unqualifiedly to the plaintiff that the company would not pay any
part of the loss.   The defendant introduced counter-affidavits to

the effect that this adjuster was employed for the special purpose of investigating the facts in regard to the fire and loss in question, but had no authority to admit or deny liability, or to pass upon the sufficiency or insufficiency of the claim.

*F. W. Copeland, Harris & Ennis,* for plaintiff.

*Smith, Hammond & Smith, Paul H. Doyal,* for defendant.

BLOODWORTH, J. This court cannot say that the judge abused his discretion in passing the following order: "The above case having come on for hearing before the court, after evidence introduced and argument of counsel, the court finds and adjudges that the policy of insurance is the law of the case as to the parties thereto; and, this policy expressly providing that proofs of loss shall be made in a certain way therein provided, and further providing that no agent or officer of the company has authority to waive any of the conditions of the contract unless done in writing, and no such waiver having been made, and it further appearing that the plaintiff failed to make out his case as laid, it is ordered and adjudged that the motion to reinstate be and is hereby overruled and denied." See *Bailey* v. *First Nat. Fire Ins. Co.,* 18 *Ga. App.* 213 (1 *a,* 1 *b*) (89 S. E. 80) ; *Smith* v. *Western Assurance Co.,* 18 *Ga. App.* 461 (89 S. E. 533) ; *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (97 S. E. 91) ; *Folds* v. *Fireman's Fund Ins. Co.,* 28 *Ga. App.* 323 (110 S. E. 925).

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Broyles, C. J., and Luke, J., concur.*