*R. S. Wimberly,* contra.

---

14945. NEWARK FIRE INSURANCE COMPANY *v.* REESE.

LUKE, J. 1. This is a suit upon a fire-insurance policy which provided that, within 60 days after the destruction of the property by fire, the assured.should render a statement to the insurance company, signed and sworn to by him, stating the loss or damage, the time, the place, and the cause of the damage, etc. A compliance with this provision of the policy was a condition precedent to a recovery; and the evidence adduced upon the trial shows that the proofs of loss submitted to the insurance company were not signed or sworn to by the assured.

(*a*) The policy provided also that "no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto." No such waiver was written upon or attached to the policy.

(*b*) The evidence shows also that the insurance company did not refuse payment until more than 60 days after the destruction of the property

by fire, and, therefore, this refusal to pay did not amount to a waiver of the provision of the policy in reference to proofs of loss. See *Phenix Ins. Co.* v. *Searles,* 100 *Ga.* 97 (4) (27 S. E. 779); *Bailey* v. *First Nat. Fire Ins. Co.,* 18 *Ga. App.* 213 (89 S. E. 80).

2. Under the above rulings the court erred in refusing to grant a nonsuit.
*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 16, 1924. REHEARING DENIED MAY 13, 1924.

Action on fire-insurance policy; from city court of Newnan—Judge Post. July 25, 1923.

Application for certiorari was denied by the Supreme Court.

*Spalding, MacDougald & Sibley, Hall & Jones,* for plaintiff in error.

*Stanford Arnold,* contra.

ON MOTION FOR REHEARING.

LUKE, J. It is contended by the defendant in error in his motion for a rehearing, (1) that the acceptance and retention, without objection, by the insurance company of the proofs of loss constituted a waiver of any defects therein; and (2) that the proposal of the adjuster of the company to pay the insured $500,—a sum less than the full amount claimed,—amounted to an absolute refusal to pay in less than 60 days of the loss, and was a waiver of the provisions of the policy in reference to the proofs of loss.

Under the facts of the case there is no merit in either of these contentions. As to the first point, there is no affirmative proof in the record that the alleged proofs of loss were submitted to the insurance company within 60 days after the loss or that they were ever actually received by the company. Moreover, the undisputed evidence shows that the proofs of loss were *not sworn to or even signed by the insured, or by any one acting as his agent.* In fact, it is not disclosed by the evidence that they were sworn to or signed by *any one.* Such a document amounted to nothing but a "scrap of paper," and the submission of such a paper to the insurance company could not constitute a bona fide attempt on the part of the insured to comply with the provisions of the policy in reference to furnishing proofs of loss.

As to the second contention, in view of the provision of the policy that "no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto; nor shall

any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached," the mere offer of an adjuster of the company to pay the insured $500 could not amount to an absolute refusal *on the part of the company* to pay the claim of the insured, and the company could not be held thereby to have waived the provisions of the policy in reference to the submission of the proofs of loss. See, in this connection, *Folds* v. *Fireman's Fund Ins. Co.*, 28 *Ga. App.* 323. The cases cited in the motion for a rehearing are distinguished by their particular facts from this case.

*Motion denied. Broyles, C. J., and Bloodworth, J., concur.*