## JONES *v.* PACIFIC FIRE INSURANCE COMPANY.

Rule 2 of this court, with reference to applications for the writ of certiorari to review decisions of the Court of Appeals, as amended November 1, 1922, requires that "the petition must specify plainly the decision complained of, and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition. . . In considering the question of the grant of the petition for certiorari, and, if granted, in disposing of the case, this court will only consider the questions raised in such petition." After a careful examination of the petition for certiorari in this case it appears that there was no sufficient compliance with the above-stated rule. Petitioner fails to assign error plainly and specifically on any errors alleged to have been committed by the Court of Appeals in this case, so as to raise any question for decision by this court. The writ of certiorari must therefore be dismissed.

No. 4107. NOVEMBER 15, 1924.

Certiorari; from Court of Appeals. 31 *Ga. App.* 128.

*F. W. Copeland* and *Harris & Ennis,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

GILBERT, J. The case comes to this court on writ of certiorari to review the decision of the Court of Appeals, and is governed by rule 2 of this court, as amended Nov. 1, 1922, which may be found in 153 *Ga.* at p. 890. The rule provides that "the petition must specify plainly the decision complained of, and the alleged errors. It will not be sufficient to set out the contentions and assignments

of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition. . . In considering the question of the grant of the petition for certiorari, and, if granted, in disposing of the case, this court will only consider the questions raised in such petition." In adopting this rule and the practice of this court with reference to cases coming to us on petition for certiorari to the Court of Appeals, we have followed the practice in the Supreme Court of the United States. The practice in that court appears to be founded upon necessity as well as reason, and has met with the approval generally of practicing lawyers of the country. The petition for certiorari in this case recites the history of the proceeding, which is a suit on a fire-insurance policy, from its inception in the trial court through the decision of the Court of Appeals. It then gives reasons why the writ of certiorari should be granted. Under the heading "Specific Reasons Relied on for the grant of the writ," reference is made to a ruling in *Kelly* v. *Strouse,* 116 *Ga.* 873 (43 S. E. 280), with reference to the rule in regard to when a trial court may nonsuit a case. Then follows a statement of the basis of the present case and grounds of the defendant's demurrers. The petition then alleges that the decision in this case was caused by the ruling of the Court of Appeals in *Williams* v. *Atlas Assurance Co., 22 Ga. App.* 661 (97 S. E. 91), quoting two headnotes from the *Williams* case. The petition then states that the rule laid down in the second headnote of the *Williams* case is new in the jurisprudence of Georgia, and that the rule there laid down "should be declared not to properly state the rule in Georgia; that the refusal to pay by the company is not a 'condition or provision of the policy,' but arises from remedial legislation enacted by the legislature of Georgia to protect the people of the State from just [such] evasions as plaintiff insists are attempted in this case." The petition then states that a case cited by the Court of Appeals as authority from the Supreme Court does not pass on the question decided, and alleges that the Supreme Court of Georgia has never passed on the question, and that all rulings of the Supreme Court show that the rule laid down by the Court of appeals is not good law. Plaintiff in certiorari then in-

sists that the second headnote in the *Williams* case is in conflict with rulings of the Supreme Court, without naming the latter. The petition also insists that this is the only ruling (apparently referring to the case in 22 *Ga. Appeals*) which can be found in common-law States which now maintains that rule, further alleging that the plaintiff cited to the Court of Appeals the annotations on the subject appended to the case of Ætna Insurance Co. *v.* Indiana National Life Insurance Co., 22 A. L. R. 422.

The petition then refers to section 2490 of the Civil Code, which "speaks of a refusal to pay as a waiver, but it certainly is not a waiver of the 'conditions or provisions of the policy,' saying that the *Johnson* case, 123 *Ga.* 410 [51 S. E. 339, 107 Am. St. R. 92], the case cited by the Court of Appeals as authority, calls attention to this distinction between calling these things waivers when they are notice or estoppels, as plaintiff insists in this case." Other allegations of the petition are, that the plaintiff asked the Court of Appeals to review the *Williams* case and subsequent cases announcing the same rule, and to distinguish and to reverse them, which the Court of Appeals did not do; that plaintiff insists that the Supreme Court announce the correct rule "and reverse the Court of Appeals for following a wrong rule on the question of an absolute refusal to pay." "The decision of the court below and of the Court of Appeals is in conflict with the ruling of the Supreme Court of Georgia in case of *Ætna Insurance Company* v. *Sparks,* 62 *Ga.* 196, which holds that notice to the local agent is sufficient in dealing with a foreign fire insurance company." Another allegation of the petition is, that "This ruling of the Court of Appeals is in conflict with the rule laid down by the Supreme Court of Georgia in the case of *Glenn* v. *Glenn,* 152 *Ga.* 793 [111 S. E. 378], and in other cases; that a motion to reinstate a case which has been nonsuited can be granted when the movant informs the court of other evidence in his possession which would, in connection with the evidence previously introduced, make a prima facie case in favor of the plaintiff; plaintiff insists that the rulings of the Supreme Court have left the doors open to reinstate such cases;" and that the ruling of the lower court and the affirmance by the Court of Appeals are in conflict with rulings of the Court of Appeals in the cases of *Fire Association* v. *Jenkins,* 11 *Ga. App.* 784 (76 S. E. 159), and *Stanley* v. *Sterling Ins. Co.,* 12 *Ga. App.* 475

(77 S. E. 664). The decision of the Court of Appeals consists of a headnote, as follows: "This court can not say that the judge abused his discretion in passing the following order: 'The above case having come on for hearing before the court, after evidence introduced and argument of counsel, the court finds and adjudges that the policy of insurance is the law of the case as to the parties thereto; and, this policy expressly providing that proofs of loss shall be made in a certain way therein provided, and further providing that no agent or officer of the company has authority to waive any of the conditions of the contract unless done in writing, and no such waiver having been made, and it further appearing that the plaintiff failed to make out his case as laid, it is ordered and adjudged that the motion to reinstate be and is hereby overruled and denied.' See *Bailey* v. *First Nat. Fire Ins. Co.,* 18 *Ga. App.* 213 (1a, 1b) [89 S. E. 80]; *Smith* v. *Western Assurance Co.,* 18 *Ga. App.* 461 [89 S. E. 533]; *Williams* v. *Atlas Assurance· Co.,* 22 *Ga. App.* 661 [97 S. E. 91]; *Folds* v. *Firemans Fund Ins. Co.,* 28 *Ga. App.* 323 [110 S. E. 925]."

It will be seen from the full statement of the petition for certiorari that no error is assigned on the judgment, which was a refusal to reinstate a case previously nonsuited, and in which, on disputed facts, the court was invested with a legal discretion. *Central R. &c. Co.* v. *Folds,* 86 *Ga.* 42 (12 S. E. 216); *Southern Ry. Co.* v. *James,* 114 *Ga.* 198 (39 S. E. 849); *City of Atlanta* v. *Miller,* 125 *Ga.* 495 (54 S. E. 538); *Glenn* v. *Glenn,* 152 *Ga.* 793 (111 S. E. 378). Consequently there has been no compliance with rule 2 of this court. The main insistence is that the second headnote in the *Williams* case, 22 *Ga. App.,* is a wrong rule and should be reversed by this court; that the decision of the Court of Appeals in this case was caused by the ruling of the Court of Appeals in the *Williams* case, and the *Williams* case is cited by the Court of Appeals among other authorities. The decision of the Court of Appeals in this case, however, merely quotes the order passed by the trial judge, preceded by the statement that "this court can not say that the judge abused his discretion in passing the following order." It is of course true that by an examination of the record this court could determine what issues were involved and were passed upon by the trial judge and the Court of Appeals, but manifestly to do so requires much time which could and should be obviated by a com-

pliance with the above-stated rule of the court. However, because this ruling will be of importance and interest to litigants and lawyers, we have examined the record. It appears that the case was nonsuited by the trial court for the reason that there had been no compliance with the terms of the policy as to furnishing proofs of loss. · The motion for reinstatement of the case was based on the contention that there had been a waiver or estoppel by the company, because the latter through an authorized agent denied liability in toto. Evidence was introduced on both sides, which produced a conflict on that question of fact. The trial judge was authorized to find for the company that no agent of defendant had denied liability. Thus the whole controversy became one of fact; and even conceding the law to be as contended by plaintiff, the petition for certiorari was improvidently granted. It failed to assign error on any question of law. No question of gravity or importance is involved in the case as it comes to this court. Only a disputed issue of fact is involved. In the case of Southern Power Co. *v.* North Carolina Public Service Co., 263 U. S. 508 (44 Sup. Ct. 164, 68 L. ed.     ), decided January 7, 1924, by the Supreme Court of the United States a similar petition was considered. It developed on the argument of the case that the only question involved was "primarily a question of fact," whereas the petition stated that the case involved "a grave question of vital importance to the public, and alleged as special reason for its re-examination that the decree would deprive petitioner of property without due process of law and of freedom to contract, contrary to the Federal constitution." The Supreme Court dismissed the writ, saying, among other things: "Heretofore we have pointed out the necessity for clear, definite, and complete disclosures concerning the controversy when applying for certiorari. Furness, Withy & Co. *v.* Yang-Tsze Insurance Association, 242 U. S. 430; Layne & Bowler Corporation *v.* Well Works, 261 U. S. 387. . . Unless the requirements specified in Furness, Withy & Co. *v.* Yang-Tsze Insurance Association are observed, we can not hope properly to dispose of an increasing docket." Therefore, on the ground that the petition for certiorari fails to comply with rule 2 and properly raises no question for ˙decision by this court, the writ of certiorari must be

          *Dismissed. All the Justices concur.*