## CLARK v. FIRE ASSOCIATION OF PHILADELPHIA.

HILL, J. The petition for certiorari in this case fails to assign error plainly and specifically on any errors alleged to have been committed by the Court of Appeals; and therefore the writ of certiorari is dismissed.

*Writ of certiorari dismissed. All the Justices concur.*

No. 4109. JANUARY 16, 1925.

Certiorari; from Court of Appeals. 31 *Ga. App.* 3.

*Titus & Dekle,* for plaintiff.

*Smith, Hammond & Smith* and *Louis S. Moore,* for defendant.

HILL, J. On October 3, 1923, the Court of Appeals rendered a decision in this case, in which it was held: "The evidence having failed to show compliance with the warranty known as the 'iron-safe clause,' the plaintiff was not entitled to recover on the policy sued upon, and a nonsuit was properly granted." A rehearing was denied November 15, 1923. 31 *Ga. App.* 3 (120 S. E. 14). A petition for certiorari to the Court of Appeals was granted by this court, and it is now here on certiorari. In a supplemental brief filed by the plaintiff in certiorari it is stated that "the judgment and decision as set out in paragraph 2 of his application for certiorari was originally rendered by the Court of Appeals, and a motion for a rehearing made thereon, which was refused. Plaintiff in certiorari, now shows that in . . the above-stated case, there has been handed down an opinion in the case of *Clark* v. *Fire Association of Philadelphia* (this same case), which, while still adverse to the plaintiff in certiorari, is based on an entirely different ground from the decision originally rendered and set out as aforesaid in paragraph 2 of the application for certiorari. Counsel for plaintiff in certiorari had no knowledge of the latter opinion, until after the application for certiorari was filed, and only upon receiving the December 29, 1923, issue of the S. E. Reporter. However, counsel for plaintiff in certiorari wishes to call the court's attention to the fact, that regardless of this opinion, that the application for certiorari, in addition to the other grounds, in ground 8 setting out the reasons for the certiorari, and why the court erred, distinctly stated that the appellate court erred in not reversing the court below, and in the original brief, filed with the application for certiorari, sets out his contentions and authorities." The 8th ground of the petition for certiorari is as follows: "Because the appellate court erred in not reversing the judgment of the court

below, granting a nonsuit, for the reasons stated in the bill of exceptions, as the construction of the insurance policy by the judge (see paragraph 3 of this petition), holding that the plaintiff had not complied with the same, was error."

In *Jones* v. *Pacific Fire Ins. Co.,* 159 *Ga.* 248 (125 S. E. 470), this court held: "Rule 2 of this court, with reference to applications for the writ of certiorari to review decisions of the Court of Appeals, as amended November 1, 1922, requires that 'the petition must specify plainly the decision complained of, and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to plainly and specifically set forth the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition. . . In considering the question of the grant of the petition for certiorari, and, if granted, in disposing of the case, this court will only consider the questions raised in such petition.' After a careful examination of the petition for certiorari in this case, it appears that there was no sufficient compliance with the above-stated rule. Petitioner fails to assign error plainly and specifically on any errors alleged to have been committed by the Court of Appeals in this case, so as to raise any question for decision by this court. The writ of error must therefore be dismissed."

We are of the opinion that neither ground 8, relied on in this case, nor the other grounds conform to the requirements of the rule above announced; and therefore the writ of certiorari will be dismissed.    *Certiorari dismissed. All the Justices concur.*