37888. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD. *v.* FOUNTAIN, by Next Friend.

DECIDED NOVEMBER 13, 1959—REHEARING DENIED
DECEMBER 3, 1959.

*Bauhan, Lawrence, Williams, Levy & McAlpin,* for plaintiff in error.

*Lewis, Wylly & Javetz, Jack H. Usher,* contra.

NICHOLS, Judge ■ Under the provisions of Sec. 1 of the 1949 act of the General Assembly (Ga. L. 1949, p. 1155; Code, Ann., § 32-429), "The various school boards of the counties, cities and independent school systems employing school buses, are hereby *authorized and required* to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time therefrom resulting from an accident or collision in which said buses are involved. The amount of such insurance shall be within the discretion of the respective boards" (emphasis ours), it became mandatory upon the members of the Board of Education for the City of Savannah and the County of Chatham to cause policies of insurance to be issued insuring the school children as provided in said act and Code section. And since the law presumes that all public officials will do their duty it must be presumed that the members of the Board of Education for the City of Savannah and the County of Chatham did their duty under the mandate of Sec. 1. of the 1949 act, supra, and that the policy issued in accordance with the statutory provisions thereof. *Curtis* v. *Girard Fire &c. Ins. Co.,* 190 *Ga.* 854 (11 S. E. 2d 3); *State Farm &c. Ins. Co.* v. *Jones,* 98 *Ga. App.* 46 (104 S. E. 2d 725), and cases cited.

■ Wherever the language or provisions in an insurance policy are in conflict with the language or provisions of the act of the legislature, which required the purchase of the insurance policy, the language or provisions of the act take precedence, and must prevail over the policy.

■ Where, as in this case, both in the caption and in the body of the act of 1949 (Ga. L. 1949, p. 1155, supra), the language used conclusively shows that the legislature intended to require the various school boards to insure the school children for injuries received while being transported to and from school, regardless

of whether there be negligence on the part of school employees, servants or agents in the operation of the school buses, the policy of insurance so issued is an accident policy and not a liability policy. *State Farm &c. Ins. Co.* v. *Jones,* 98 *Ga. App.* 46, 58, supra. Moreover, where as in this case the petition alleges that the suit is brought pursuant to the provisions of the said 1949 act, supra, and where the attached policy of insurance itself fails to negative such allegation, and in the absence of any affirmative showing in the petition contrary to such allegation, the petition states a cause of action sufficient to withstand general demurrer.

Since the policy issued under the act of 1949, supra, was an accident policy as to school children, the school child was entitled to recover from the insurer on the basis of the policy issued, and the coverage supplied by the "rider" or "endorsement" attached thereto which provided $500 coverage for medical, surgical, dental and other services incurred within one year from the date of the accident, was in addition to the benefits provided by the accident policy itself. This "rider" or "endorsement" had the effect of increasing the possible limits of coverage to as much as $10,500 if the school child's "medical" amounted to $500 within one year from the time the injuries were sustained.

■ Special demurrer 3 of the plaintiff in error attacks the petition on the ground that it shows a misjoinder of causes of action, ex delicto and ex contractu, in that the petition as originally drawn, was predicated on negligence, whereas the last amendment to the petition sounds in tort. With this contention we cannot agree. It is the holding of this court that the various acts of negligence charged in the petition are merely historical of the facts, alleged to have led up to and culminated in petitioner's injuries. We also hold in this opinion that this is a suit ex contractu, based on an accident insurance policy, as contemplated under the 1949 act, supra, under the provisions of which it is alleged this action is brought.

■ Special demurrers 5 and 6 are addressed to paragraphs 29 and 30 of the petition, as amended, and attack them on the grounds that they are vague and indefinite. These demurrers are well taken and should have been sustained. The letter which is attached to the petition, identified as petitioner's Exhibit "b",

and which purports to be the written demand made upon the plaintiff in error by petitioner's attorney, cannot under the most liberal interpretation be construed as such a demand as would constitute notice as contemplated by law. The letter, as an exhibit, must take precedence over the allegations in the petition and it in fact does nothing more than inform the plaintiff in error that the writer of the letter has been retained as counsel for petitioner in her claim for injuries, and requests that the plaintiff in error contact him in regard to the claim. Furthermore, the petition does not mention anything of the nature of the demand or any condition of it.

The trial court erred in overruling special demurrers 5 and 6 of the plaintiff in error.

■ Special demurrers 7, 8 and 9 of the plaintiff in error attacking the allegations in the petition with reference to bad faith, penalties and attorney's fees need not be dealt with extensively by the court since we have already held in Division 5 of this opinion there was not sufficient demand to constitute legal notice and under that ruling it necessarily follows that these demurrers should have been sustained.

*Judgment affirmed in part and reversed in part. Gardner, P.J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. An examination of the policy of insurance attached to the plaintiff's petition reveals that it insures the members of the general public against personal injury or death or damage to property resulting from the negligent operation of school buses as provided for in Section 3 of the 1949 act (Ga. L. 1949, pp. 1155, 1156; Code, Ann., § 32-431). The unequivocal allegations of the petition show that this is an action arising out of the negligence of the bus driver and others and it should not be otherwise construed. Under the decision of the majority of this court in *Cotton States Mut. Ins. Co.* v. *Keefe,* 100 *Ga. App.* 715, I believe that the defendant company is subject to direct suit in behalf of the school child as a member of the general public injured as a result of the negligent operation of the school buses so insured, and the court did not err in overruling the general demurrer to the petition.