## 20800. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD., *v.* FOUNTAIN, by Next Friend.

ALMAND, Justice. The Court of Appeals affirmed the judgment of the trial court, overruling the general demurrers of the defendant in the suit of Wadean Fountain, by Next Friend, William Fountain, against General Accident, Fire & Life Assurance Corporation, Ltd., to recover damages for personal injuries alleged to have been sustained by her while she was a passenger in a school bus owned and operated by the Board of Education for the City of Savannah and County of Chatham (*General Accident, Fire & Life Assurance Corp., Ltd.* v. *Fountain,* 100 *Ga. App.* 802, 112 S. E. 2d 630). Attached to the petition was a combined comprehensive liability policy issued to said Board of Education, covering the operation of school buses by said board. In the application to this court for the writ of certiorari, error is assigned on the rulings of the Court of Appeals: (a) That the policy of insurance was issued to the Board pursuant to the mandatory provisions of the act of 1949 (Ga. L. 1949, p. 1155; Code, Ann., § 32-429), and was an accident policy and not a liability policy; and (b) that there was a conflict between the provisions of the act of 1949 (supra), which required the purchase by the board, of the insurance policy, and the provisions of the policy as issued. *Held:*

The rulings made in *Cotton States Mutual Insurance Co.* v. *Keefe,* 215 *Ga.* 830 (113 S. E. 2d 774), are controlling on the issues made by the assignments of error on the decision and judgment of the Court of Appeals. Under the rulings therein made, the Court of Appeals erred in affirming the judgment of the trial court overruling the general demurrers of the defendant to the petition.

Since the petition did not specifically seek to recover medical expenses as provided in the policy coverage of "basic medical payments," or allege that any proof of such payments had been made to the insurance company as provided by the policy, no ruling is made on the question of the right of the plaintiff to bring a direct action against the defendant under this provision of the policy.

*Judgment reversed. All the Justices concur, except Quillian, J., disqualified.*

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960—
OPINION REVISED APRIL 28, 1960.

*Bouhan, Lawrence, Williams, Levy & McAlpin,* for plaintiff in error.

*Jack H. Usher, Lewis, Wylly & Javetz,* contra.

*Dunaway, Embry & Shelfer, Memory, Barnes & Memory, Kenyon, Kenyon & Gunter, Henry A. Stewart, Edward W. Killorin, Eberhardt, Franklin, Barham & Coleman, Gambrell, Harlan, Russell, Moye & Richardson,* for party at interest.

AMENDMENT TO RULES OF THE SUPREME COURT OF GEORGIA.
MARCH 16, 1960.

It is ordered that Rule 29-a be hereby amended so as to read as follows: Rule 29-a. Closing of dockets. The dockets of this court for the January, April, and September terms shall close at noon on the twenty-fifth day before the second Monday in March, July, and November, respectively. When the said twenty-fifth day shall fall on a holiday, the docket shall close at noon of the preceding day.

CORRECTION.

Page 807, line 15 from top: Change rehearing date from "March 16" to "March 30".