44877, 44886. BUFFALO INSURANCE COMPANY v. STAR PHOTO FINISHING COMPANY; and vice versa.

698

ARGUED NOVEMBER 3, 1969—DECIDED NOVEMBER 24, 1969.

700

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for appellant.

*Mitchell, Pate & Anderson, Taylor W. Jones, Clarence H. Calhoun,* for appellee.

EBERHARDT, Judge. ■ All of the issues in both the appeal and the cross appeal can be disposed of by a ruling on the matter of whether the suit was maintainable, plaintiff not having given written notice of the loss[1] and not having filed any proof of loss at any time prior thereto.

---

[1] A written notice of the loss is called for in the policy and is contemplated by the terms of *Code Ann.* § 56-2427, but the furnishing to an adjuster of a written inventory of the contents of the building destroyed by fire has been held to constitute a written notice. *Cotton States Mut. Ins. Co. v. Clark,* 114 Ga.

1. (a)  Although plaintiff seeks to rely upon an oral demand[2] made by its counsel upon a representative of the insurance company some three days prior to the filing of suit, and six days prior to the expiration of the 12-month policy limitation for the bringing of suit, and upon the company's alleged refusal to pay the amount of the demand, this can not avail. "The statutory demand for payment of the proceeds of an insurance policy must be made at a time when a demand for immediate payment is in order. It is not in order if the insurer, under the terms of the insurance policy, has additional time left in which to investigate or adjust the loss and therefore has no legal duty to pay at the time the demand is made." *Napp v. American Cas. Co.*, 110 Ga. App. 673 (2) (139 SE2d 425). Accord: *Life Ins. Co. of Ga. v. Burke*, 219 Ga. 214 (2) (132 SE2d 737); *Philadelphia Fire &c. Ins. Co. v. Burroughs*, 176 Ga. 260 (2) (168 SE 36). "Whether or not it was a good demand depends on whether [if otherwise

---

App. 439, 445 (151 SE2d 780). No such inventory was furnished here. See *Styles v. American Home Ins. Co.*, 146 Ga. 92 (1a) (90 SE 718). Notice required under contract provisions or under statutory provisions is generally effective when given in the form, at the time and in the manner required. Cf. *Rogers v. Hoskins*, 14 Ga. 166; *Pritchard v. Johnson & Calhoun*, 60 Ga. 288; *Ga. R. & Bkg. Co. v. Haas*, 127 Ga. 187 (1) (56 SE 313, 119 ASR 327, 9 AC 627); *Felton Beauty Supply Co. v. Levy*, 198 Ga. 383 (31 SE2d 651, 155 ALR 647); *Roberts v. Ga. Southern Supply Co.*, 92 Ga. App. 303, 308 (88 SE2d 554); *Woodall v. Pharr*, 119 Ga. App. 692 (168 SE2d 645); *Schaefer v. Mayor &c. of Athens*, 120 Ga. App. 301 (6) (170 SE2d 339).

[2]"The statute [*Code Ann.* § 56-1206] does not prescribe any particular form in which such demand shall be made, nor whether it shall be in writing, or a verbal demand will suffice." *Hull v. Alabama Gold Life Ins. Co.*, 79 Ga. 93 (1a) (3 SE 903). But see *General Acc. &c. Corp. v. Fountain*, 100 Ga. App. 802, 806 (112 SE2d 630), reversed on other grounds in 215 Ga. 897 (114 SE2d 120), and *Piedmont &c. Life Ins. Co. v. Gunter*, 108 Ga. App. 236, 241 (132 SE2d 527). "A demand properly made as to form, time and place, is effective when made by one lawfully authorized to make it." *Sams v. First Nat. Bank of Atlanta*, 119 Ga. App. 96, 101 (166 SE2d 394).

sufficient] it was made at a time when immediate payment could be exacted, and this depends on whether or not the defendant had lost the benefit of its 60 days contracted for under the policy after reception of proof of loss forms, which in turn depend on whether the filing (not merely the *time* of filing) of such forms was waived." *Napp v. American Cas. Co.*, supra, p. 675.

(b) While it is true that when, as here, the policy contains no provision making the policy void upon failure of the insured to furnish proof of loss within 60 days after the loss, yet if the proof is not furnished within the 60 days as called for, a refusal of the insurer to pay after expiration of that time will not operate as a waiver of the proofs. *Newark Fire Ins. Co. v. Reese,* 32 Ga. App. 42 (123 SE 41); *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628 (8) (26 SE2d 557); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236); *South Carolina Ins. Co. v. Hunnicutt,* 107 Ga. App. 366 (1) (130 SE2d 239). Further, failure to furnish proofs of loss before expiration of twelve months from the date of the loss will prevent the maintenance of a suit on the policy. *Harp v. Fireman's Fund Ins. Co.*, 130 Ga. 726 (61 SE 704, 14 AC 299); *Southern Fire Ins. Co. v. Knight,* 111 Ga. 622 (36 SE 821, 52 LRA 70, 78 ASR 216). It is admitted that no proof of loss was ever filed with Buffalo.

■ (a) Although Star alleges that it demanded payment of the loss, and that the demand was refused, its attorney, who made the demand, testified that when he made the demand the agent informed him that the demand would have to be referred to the company for its consideration and action, whereupon he told the agent that he could not await the delay which that would entail inasmuch as he had only five or six days in which to institute suit under the provision of the policy requiring that suit be brought within twelve months after the date of the loss, and that he proceeded with the filing of suit to avoid the bar. Thus, there was a failure to prove that there had been any denial of the demand by the company. There was an admission in Buffalo's answer that there had been a demand and denial, but by amendment that was stricken and it was alleged instead that no demand for payment was made on Buffalo until the

suit was filed, and thus there had been no refusal to pay the loss, and further that it does refuse to pay the loss because no proof of loss was ever made and because the loss was not one covered by the policy. Its attorney testified that this had been the purport of the answer as originally filed, and that the amendment was a clarification. The amendment is consistent with plaintiff's proof.

(b) Was there "notice in writing" of the loss within the requirement of the policy, or the contemplation of *Code Ann.* § 56-2427? We think not. The policy provides that "The *insured* shall give immediate written notice *to this company* of any loss. . ." Certainly it cannot be said that this requirement is met when the company gets information in some other manner and from some other source. Suppose there had been a news story of the loss in a newspaper to which the company was a subscriber and which those in charge of its office read. While it might be said to have been "in writing" it could not be said to have been given by the insured or to have been directed to the company. Moreover, even the giving of notice does not dispense with the necessity of making proof of loss (*Styles v. American Home Ins. Co.*, 146 Ga. 92 (1a) (90 SE 718)), unless the company fails to supply forms as required by *Code Ann.* § 56-2427, nor does the fact that the insurer has knowledge of the loss relieve the insured of making proof of loss under terms of the policy. *Code Ann.* § 56-2428 (3); *Nalley v. Hanover Fire Ins. Co.*, 56 Ga. App. 555, 567 (193 SE 619).

(c) But Star contends that there is sufficient circumstantial evidence concerning the communications between Mr. Hurst, the adjuster for General Fire, and Buffalo to authorize the jury to find that he was acting as Buffalo's agent in sending the copies of investigative reports, etc., to it and thus, that when proofs of loss for General Fire were delivered to him this sufficiently complied with the policy provision requiring notice of the loss to Buffalo, placing a duty on it under *Code Ann.* § 56-2427 to send to Star forms for making proof of loss, in default of which the proofs were waived.

The trouble with this contention is that when Star prepared and filed with Hurst proofs of loss directed to General Fire it was not and did not purport to be dealing with him as Buffalo's

agent. Indeed, Mr. Starnes testified that Star did not learn of the Buffalo policy, and consequently of its claim against Buffalo, until Mr. Calhoun went to the office of the southern regional adjuster for Buffalo on September 22, 1964, and was shown a copy of the policy. It was not, therefore, relying upon any agency relationship between Hurst and Buffalo when the proofs for General Fire were delivered to him months before. There were no negotiations between them relative to Star's claim against Buffalo; indeed the matter was never discussed or mentioned.

"The rule that a principal is bound to the extent of the authority which he has apparently conferred upon his agent has no reference to a situation in which a person affected by the acts of the agent does not deal with the agent in reliance upon the authority which the principal has apparently conferred upon him." *Piedmont Operating Co. v. Cumming,* 40 Ga. App. 397 (1) (149 SE 814). "To create an estoppel by conduct of the principal it must be shown that the complaining party dealt with the supposed agent in reliance upon the authority which the principal apparently conferred upon him, and changed his position as a result of such reliance." *National Homes, Inc. v. City Plumbing &c. Co.,* 108 Ga. App. 519 (133 SE2d 416). Accord: *Patterson v. Southern R. Co.,* 41 Ga. App. 94 (1) (151 SE 818); *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816). There is simply no proof in the record that Star ever dealt with Hurst as Buffalo's agent, or in reliance upon any apparent authority to him from Buffalo; its only dealings with him were relative to a claim against General Fire. It must appear that the person to whom notice of the loss was given was an agent authorized to receive notice or proof of loss in behalf of the company (*Bailey v. First Nat. Fire Ins. Co.,* 18 Ga. App. 213 (89 SE 80)), or one having apparent authority upon which there was reliance, and that does not appear.

(d) Star contends that a waiver should result from the fact that Buffalo received information from General Fire relative to the occurrence of the loss and copies of reports made to General Fire from time to time by its claims investigator and attorney

and, having that information in hand, nevertheless failed to call on Star for proofs of loss or attempt to make settlement of the loss with it. The collection of information or the making of an investigation relative to a loss that may be covered under a policy issued by a company does not work a waiver of the policy requirements and compliance therewith by the insured. *Code Ann.* § 56-2428 (3); *Smith v. Western Assur. Co. of Canada,* 18 Ga. App. 461 (89 SE 533); *Nalley v. Hanover Fire Ins. Co.,* 56 Ga. App. 555, 567, supra. Cf. *Allen v. City of Macon,* 118 Ga. App. 88 (162 SE2d 783); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (6), supra.

(e) There is no merit in the contention that Buffalo should have called on Star to make claim against it. Star had been requested by Buffalo's agent to furnish information relative to the property so that it might be added to the policy for coverage, and Star had refused to give the information, saying that it had decided to place the insurance elsewhere. Buffalo might well have concluded that no claim would ever be made against it. Further, insurance is a matter of contract (*North British & Mercantile Ins. Co. v. Tye,* 1 Ga. App. 380 (58 SE 110)), and under the unambiguous provisions of this policy it is the duty of the insured to present its claim to the company and make the required proof thereof. Until that is done neither the contract nor the law (save in situations covered by *Code Ann.* § 56-2427) imposes a duty on the company to do anything. Indeed, the contract, unless contrary to statutory provision or public policy, is the law that governs. *St. Paul Fire &c. Ins. Co. v. C. I. T. Corp.,* 55 Ga. App. 101, 103 (189 SE 390); *Ga. Power Co. v. City of Decatur,* 168 Ga. 705 (2) (149 SE 32); *West View Corp. v. Alston,* 208 Ga. 122, 127 (65 SE2d 406). The insured is in a better position than the company to know when he has suffered a loss and it is for him to determine whether and when he will make a claim under the policy. *General American Life Ins. Co. v. Butts,* 193 Ga. 350 (1) (18 SE2d 542); *Sovereign Camp of the W.O.W. v. Cooper,* 194 Ga. 208 (1) (21 SE2d 410); *Metropolitan Life Ins. Co. v. Smith,* 48 Ga. App. 245 (1) (172 SE 654).

■ Nor does the fact that plaintiff had lost or misplaced the

policy excuse it from complying with its terms in this respect. *Milwaukee Ins. Co. v. Powell*, 108 Ga. App. 12 (132 SE2d 95). Cf. *Prudential Ins. Co. v. Sailors*, 69 Ga. App. 628, 632, supra.

Although Star contends that the Buffalo policy was not in its possession, it alleges in its petition that "said policy *was delivered to plaintiff* in consideration of premiums paid by plaintiff to defendant's agent." (Emphasis supplied.) If the policy was lost or destroyed it was by Star's negligence and through no fault of Buffalo. Buffalo could, as it apparently did, assume that Star had the policy and was familiar with its provisions. Moreover, it appears from the testimony of Star's president that as early as January 6, 1964, when he was negotiating a settlement with General Fire & Casualty he knew that Buffalo had something to do with the insurance coverage on his business property, and that he had made a claim for glass breakage under the very same Buffalo policy and collected the loss on July 3, 1963. His attorney recalled the discussion on January 6, 1964, relative to the matter of Buffalo possibly having a policy on the damaged property, and that Mr. Starnes (Star's president) had a search made for the policy. In spite of these circumstances, which should have alerted both Star and its attorney to the existence of Buffalo's policy, no effort was made by or on behalf of Star to get any information from the local agent or from Buffalo relative to the policy until September 22, 1964. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge. . ." *Code* § 37-116. "[Plaintiff] knew . . . that he had paid . . . a sum of money representing a premium on a policy of insurance to be obtained on the automobile, and he was thereupon put on inquiry whether there was such a policy, which inquiry and diligence would have disclosed the kind and nature of the contract, . . . and on inquiry of the insurance company whether any claim for loss had been made by the motor company or any assignee thereof, and whether any payment had been made or settlement effected." *Lloyd v. Milner Motor Co.*, 184 Ga. 181, 183 (190 SE 641).

■ (a) "It was the misfortune of the insured that he so long delayed that, at the time he was aroused to action, he did not have time sufficient to submit his proofs of loss at least sixty days before the expiration of the twelve months within which he could bring his action in the event the company declined to pay the loss." *Graham v. Niagara Fire Ins. Co.*, 106 Ga. 840, 842 (32 SE 579). And see *Ritch v. Masons' Fraternal Acc. Assn. of America*, 99 Ga. 112 (25 SE 191); *United Benevolent Soc. v. Freeman*, 111 Ga. 355 (36 SE 764); *Southern Fire Ins. Co. v. Knight*, 111 Ga. 622 (1) (36 SE 821, 52 LRA 70, 78 ASR 216).

(b) Absent a waiver, the furnishing of the proof of loss as required by the policy is a condition precedent to the accrual of liability on the part of the company and to the institution of suit by the insured. *National Life Ins. Co. v. Jordan*, 21 Ga. App. 647 (94 SE 862); *Jones v. Pacific Fire Ins. Co.*, 31 Ga. App. 128 (119 SE 922); *Penn Mut. Life Ins. Co. v. Milton*, 33 Ga. App. 634 (2) (127 SE 798); *Mutual Benefit Health &c. Assn. v. Hulme*, 57 Ga. App. 876 (1) (197 SE 85); *Milwaukee Ins. Co. v. Powell*, 108 Ga. App. 12, 16 (132 SE2d 95).

(c) The refusal of Buffalo to pay the amount claimed for the loss does not estop it from defending on this ground. "[I]t is the well-settled rule in this State that, where notice of loss or injury, or proofs thereof, have not been given or furnished in accordance with provisions of the policy requiring the same as conditions precedent to liability, the company's *subsequent* absolute refusal to pay because of the non-compliance with such provisions, or for some other reason, will not estop the company from setting up as a defense the failure of the insured to make such reports [citations]." *Barkley v. American Nat. Ins. Co.*, 36 Ga. App. 447 (2) (136 SE 803); *Great Eastern Cas. Co. v. Reed*, 17 Ga. App. 613 (2, 3) (87 SE 904); *Volunteer State Life Ins. Co. v. McGinnis*, 29 Ga. App. 370 (115 SE 287); *Globe & Rutgers Fire Ins. Co. v. Atlantic & Gulf Shipping Co.*, 51 Ga. App. 904 (1) (181 SE 310); *Prudential Ins. Co. v. Sailors*, 69 Ga. App. 628 (9), supra; *Fidelity & Cas. Co. v. Young Shoe Parlor*, 150 Ga. 402, 404 (104 SE 429). Nor does it amount to a waiver of the requirement for the furnishing of proofs of loss. *Phenix*

*Ins. Co. v. Searles,* 100 Ga. 97 (4) (27 SE 779); *Newark Fire Ins. Co. v. Reese,* 32 Ga. App. 42 (123 SE 41).

We find nothing in this record to authorize a finding of any waiver by Buffalo of the policy provisions, or of anything that would work an estoppel against it to plead and rely upon them as a defense. It is conceded that no proof of loss was ever furnished to the company. In this situation the suit was not maintainable and no verdict against the company could stand, for a condition precedent to a fixing of liability has not been met. *Guarantee &c. Life Ins. Co. v. Norris,* 219 Ga. 573, 575 (134 SE2d 774); *Styles v. American Home Ins. Co.,* 146 Ga. 92, supra; *Bank of Ball Ground v. National Surety Co.,* 23 Ga. App. 187 (97 SE 892).

"The conditions set out in the policy contract are an essential part of the consideration for the insurer assuming the risk and the insured becomes bound by those conditions by his acceptance of the policy contract. It is no defense for the insured to merely say that he did not read the policy and, therefore, is not subject to the conditions." Mitchell, Georgia Law on Insurance, 243, § 47-103.

It was error to deny the defendant's motion for judgment notwithstanding the verdict.

This disposes of, or renders moot, all other issues raised on the appeal or the cross appeal.

*Judgment reversed on the main appeal, with direction that a judgment for the defendant be entered notwithstanding the verdict. Cross appeal dismissed. Bell, C. J., and Deen, J., concur.*