## GRAHAM v. NIAGARA FIRE INSURANCE COMPANY.

1. Stipulations in a policy of insurance to the effect that no suit or action for the recovery of any claim by virtue of the policy should be sustainable in any court of law or equity unless such suit or action should be commenced within twelve months after loss of the property insured, that a particular statement of the loss should be presented to the company by the insured at its office as soon thereafter as possible, and that payment should be made sixty days after due notice and satisfactory proofs of loss had been received at the company's office, were conditions precedent to a recovery on such policy.

2. After there has been a failure by the insured to comply with such conditions, and the time has elapsed within which the insured has a right of action against the company under the provisions in the policy, a local agent of the company through whom application was made and the insurance obtained has not the power to bind the company by any waiver of any of the conditions named in the policy, a failure to comply with which by the insured had already resulted in a forfeiture of his right of action.

Argued February 8, — Decided March 17, 1899.

Action on insurance policy. Before Judge Norwood. City court of Savannah. March 29, 1898.

*W. R. Leaken, J. M. Dreyer* and *E. S. Elliott*, for plaintiff. *Denmark, Adams & Freeman*, for defendant.

LEWIS, J. Charles F. Graham brought suit against the Niagara Fire Insurance Company, a corporation under the laws of New York, on an insurance policy for the sum of $1,500. This policy was issued on the 24th of June, 1892, and insured the plaintiff against any immediate loss or damage that might occur by tornadoes, cyclones and wind-storms to certain houses located on Tybee Island, Chatham county. The policy extended for a period of five years. On the trial of the case it appeared from the testimony introduced in behalf of the plaintiff, that these houses, which were worth an amount largely in excess of the sum for which they were insured, were totally destroyed by a storm which occurred August 27, 1893. Plaintiff, at the time, was abroad; but upon reaching home, about a month afterwards, thought of a policy he had taken out on these houses, but after looking for the same and being unable to find it, concluded that no such policy existed, or it had lapsed. Some four or five days before the expiration of twelve months

after the destruction of the houses, he found this policy, and at once applied to the firm of Dearing & Hull, who were the local agents of the company at the time he applied for and obtained the insurance, and asked if the policy was still in force. Upon being informed that it was, he advised with one of the members of this firm as to what he should do in view of the fact that the twelve months within which he had to bring suit under the terms of the policy would very shortly expire. The agent replied that he had better get up proofs of loss and protect himself. Acting upon this suggestion or advice, the plaintiff immediately brought suit upon the policy and made out proofs of loss and had them forwarded to the company's office in New York, which, it seems, were received there about the expiration of the twelve months. The above facts appearing from the testimony, the court, after the plaintiff had closed his case, granted a judgment sustaining the defendant's motion for a nonsuit, to which the plaintiff excepts. It further appears from the record that the defendant transferred all its business in certain territory, including the matter relating to this policy, to another company after plaintiff's loss, and before defendant knew of his loss.

1. It appears from the terms of the policy that no payment was to be made thereon until sixty days after due notice and satisfactory proofs of loss were received at the company's office in the city of New York; that a particular statement of the loss should be rendered the company at its office in New York city as soon thereafter as possible, signed and sworn to by the insured, stating such knowledge or information as he had been able to obtain as to the time, origin, and circumstances of the same, etc.; and that no suit or action against the company, for the recovery of any claim by virtue of the policy should be sustainable in any court of law or equity until after a full compliance by the insured with all the foregoing requirements, nor unless such suit or action should be commenced within twelve months next after the tornado, cyclone or wind-storm took place; and should any suit or action be begun against the company after the expiration of the aforesaid twelve months, the lapse of time should be taken and deemed conclusive evidence

against the validity of such claim.    There can be no question about the proposition that these stipulations in the policy were conditions precedent to a recovery thereupon.    This principle has been so often recognized by this court that any further discussion of it is entirely unnecessary.    In the case of *Jackson* v. *Southern Mutual Life Ins. Co.*, 36 *Ga.* 429, it appeared that suit was brought upon a policy of insurance obligating the insurance company to pay a certain sum within sixty days after due notice and proof of the death of the insured, and it was held that an allegation and proof of such notice and death were conditions precedent to a recovery on the policy.    In *Southern Home Building & Loan Assn.* v. *Home Insurance Company*, 94 *Ga.* 167, it was held that a stipulation in a fire-insurance policy that a loss by fire should at once be made known to the company was a condition precedent to payment of the loss.

It appears from the record in the present case that no notice of loss was given until about twelve months thereafter.    Hence, there was an utter failure by the insured to comply with the condition in the policy that such notice should be immediately given and proofs of loss submitted to the company as soon thereafter as practicable.    This suit was instituted before the company received any notice or proofs of loss.    Here was a failure to comply with the stipulation in the policy to the effect that no action should be commenced until after full compliance by the insured with his obligation to give due notice and submit proper proofs of loss. ' Under the express terms of the policy, the loss was not "due and payable" until "sixty days after the full completion by the assured of all the requirements" therein specified.    It was the misfortune of the insured that he so long delayed that, at the time he was aroused to action, he did not have time sufficient to submit his proofs of loss at least sixty days before the expiration of the twelve months within which he could bring his action in the event the company declined to pay the loss.    Not only did he violate the terms of the policy in instituting suit before compliance on his part with the requirements therein specified, but obviously, aside from this consideration, his action was prematurely brought, as at the time it was filed sixty days had not expired after notice to the com-

pany of the loss, and accordingly his claim was not then "due and payable."

2. But it was insisted by counsel for the plaintiff in error that the conduct and sayings of the company's local agent, suggesting that suit be at once filed and proofs of loss forwarded to the company, amounted to a waiver of the conditions expressed in the policy, which was binding upon the company. It appears from the testimony that this alleged local agent had not represented this particular company for several months prior to bringing this suit, and hence the defendant insisted it could not be held bound by any waiver he might make. Certain testimony offered by the plaintiff to show that the relation of principal and agent still existed between the defendant company and Dearing & Hull, through whom the policy sued on was issued, was ruled out by the court, over his objection, and error is assigned accordingly. Under the view we take of the case, however, it is unnecessary to go into a consideration of the questions thus presented. Treating the case just as if it were established by proof that Dearing & Hull were still the agents of this company at the time referred to, for the purpose of soliciting insurance and receiving and forwarding to the company applications therefor, we are clearly of the opinion that they were without authority to bind their principal by any waiver of the terms of the policy after a forfeiture of all rights thereunder had taken place. The idea of a waiver of material conditions in a contract being binding upon the parties is based upon the right of the parties to change the terms of their agreement, though in writing, by a subsequent agreement, whether had in parol or in writing. To support such subsequent agreement, it is just as important that there should be some consideration for it as it is that there should be a consideration for the original contract. This consideration may be either a benefit to one party or an injury to the other. Hence, it has been often held that where an insurance company waives certain terms of forfeiture in its policy, at a time when the forfeiture has not taken place, and the insured thereupon acts upon such waiver, to his injury, there is sufficient consideration to support the waiver, and the courts

will not declare a forfeiture of the policy.  For instance, in this case, had there been a direct waiver by the company of proofs of loss, made at a time when the insured had ample time to submit the same and bring his suit within the period of limitation prescribed by the policy, but refrained from doing so on account of the understanding had with the company, it could not afterwards be heard to set up in defense to an action on the policy a breach of a condition it had thus waived. If, however, the forfeiture had already taken place, and the contract had become, as it were, a "dead letter," we question very much whether, by the most formal acts of the governing body of the corporation, a waiver of such a defense would be binding upon the company.  It was accordingly held, in the case of Williams *v.* Vermont Mutual Fire Ins. Co., 20 Vt. 222, that: "A cause of action upon a policy of insurance, for a loss by fire, which has been barred by suffering the time limited in the charter of the insurance company for commencing actions to expire, is not capable of being revived by an acknowledgment, or a new promise."  It appears from the report of that case, that it was contended in behalf of the insured that the company had revived his policy by a formal action of its board of directors.  To the same effect, see 1 Joyce on Ins. § 588. In the case of *Phenix Ins. Co.* v. *Searles*, 100 *Ga.* 98, it was decided that when proofs of loss were not furnished within the time stipulated, a subsequent refusal to pay would not amount to a waiver.  In the case of *Underwriters' Agency* v. *Sutherlin*, 55 *Ga.* 266–7, it was held that it was not within the power of local or adjusting agents of an insurance company, without express authority from the managing officers thereof, to waive a stipulation in the policy requiring suit to be commenced within twelve months after a loss occurred.  See also, *Ritch* v. *Masons Fraternal Accident Assn.*, 99 *Ga.* 112, and *Southern Home Building & Loan Assn.* v. *Home Insurance Co.*, 94 *Ga.* 167.  There is certainly nothing in the record now before us to show that the company conferred any express authority upon Dearing & Hull to make the waiver insisted on by the plaintiff in error.

It appears from the record that the case was in default and at its trial term a verdict was taken and judgment rendered in

favor of the plaintiff for the full amount sued for.     After the rendition of this judgment, the company moved to set the same aside on various grounds which it is not necessary to set forth.     This motion was granted and the judgment set aside, to which action by the court no exception was taken by the plaintiff.     After the case was thus reinstated, counsel for the defendant filed a demurrer to the petition, whereupon plaintiff's counsel moved to "dismiss the demurrer" and asked that the defendant be at once required to pay costs and plead to the merits of the case, in accordance with the 23d rule of the superior court.     That rule applies to opening a default, and does not refer to a case of this sort, in which judgment has been obtained against the defendant and, on his motion, afterwards set aside.     While the demurrer was sustained by the court, the plaintiff was nevertheless permitted to afterwards amend his petition.     It seems that upon this amendment being made, counsel for the defendant no longer insisted upon its demurrer, and the case actually went to trial on its merits, resulting in a nonsuit.     If there was any error in refusing to strike defendant's demurrer, manifestly, under the facts above stated, such error was cured and rendered harmless by the court allowing the plaintiff to amend his petition and try the case on its merits.

There were other grounds in the motion for a new trial, but none of them need be considered, as the principles of law announced in the headnotes are applicable to the facts appearing, and necessarily lead to an affirmance of the judgment granting a nonsuit.     *Judgment affirmed.     All the Justices concurring.*