7281. NATIONAL LIFE INSURANCE COMPANY v. JACKSON.

BROYLES, J. 1. While every insurer has the right to prescribe regulations as to notice and preliminary proof of loss, which must be substantially complied with by the insured, an absolute refusal by the insurer to pay the loss waives a compliance with these preliminaries. Civil Code, § 2490; *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726, 730 (61 S. E. 704, 14 Ann. Cas. 299). In this case, the insurance company having absolutely refused to pay the death loss, it was not incumbent upon the plaintiff to furnish proofs of such loss.

(a) The evidence was sufficient to show a demand by the plaintiff upon the company for the payment of the death loss, and a refusal to pay by the company.

2. Under the facts of the case, the "cancellation" of the policy by the insurance company was unauthorized and invalid. An insurance company is estopped from making a cancellation of a policy, even where a provision for such cancellation is contained in the policy itself,. merely because of the bad health of the insured, when, on account of such physical condition, he will be unable to obtain other insurance. *Mutual Benefit Life Insurance Co.* v. *Robison*, 54 Fed. 580; affirmed: 58 Fed. 723 (7 C. C. A. 444). In this case the company had received sick claims and paid benefits to the insured, knowing of his ill health; and it appearing from the evidence that he had tuberculosis, this court will take judicial cognizance of the fact that he would have been unable to obtain other insurance on his life.

3. The insurance policy contained the following clause: "The funeral benefit provided under this policy is weekly term insurance renewable at the option of the company." The policy also provided that, for and in consideration of the sum of twenty-five cents as a weekly premium, the company agreed to pay to the insured $5 as weekly benefits for sickness or accident, *and* to his beneficiary $92.50 upon his death. This policy was therefore entire and indivisible, and not several. *Southern Fire Insurance Co.* v. *Knight*, 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216). The promise of the insurance company in this case to pay to the insured funeral benefits *and* for sickness and accident indemnity was one entire undertaking, not two separate contracts; for the promise was supported by a single and entire consideration. The provision that "the funeral benefit provided under this policy is weekly term insurance renewable at the option of the company" refers solely to the funeral benefits, or death indemnity, and not to the sickness or accident features of the policy. The company must continue this latter element of its insurance as long as the premium is tendered, for no right is retained in the policy to cancel it without the consent of the insured; and, by implication, it is not "weekly term insurance renewable at the option of the company," for only the life-insurance element of the policy is so called. See *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 *Ga.* 51; 3 Cooley's Insurance, § 2830, and cases therein cited. It follows that the insurance company had no right to arbitrarily refuse to accept the weekly premiums tendered, as these pay-

ments kept in force the sickness and accident features of the policy as well as the funeral benefit feature. Any other holding would allow insurance companies to fraudulently relieve themselves of all liability whenever the imminence of such liability became apparent to them.

4. It is immaterial that the company procured a sister of the insured to sign a "release" of the policy, as it appears that she was an agent of the insured for the sole purpose of paying a premium due upon the policy, and that she had no authority to sign a release, she being neither the insured nor the beneficiary, and as the $20, expressed as a consideration for the release, was in fact the amount which had already been paid as sick benefits under the policy, there was no real consideration for the release.

5. Under the particular facts of this case, the fact that when the insured died the premium payments on the policy were in arrears does not relieve the company from liability.

6. The judge of the superior court did not err in sustaining the petition for certiorari, and in rendering a final judgment for the plaintiff for the full amount sued for.                    *Judgment affirmed.*

DECIDED JULY 29, 1916.

Certiorari; from Fulton superior court—Judge Ellis. January 13, 1916.

*Nalley & Scott,* for plaintiff in error.

*Foster & Stockbridge,* contra.