### 9154. NATIONAL LIFE INSURANCE COMPANY v. JORDAN.

BROYLES, P. J. 1. The policy of insurance sued on contained a provision that the company "does hereby agree . . to pay the funeral benefit . . within twenty-four hours after satisfactory proof of loss has been submitted to the company." Under this stipulaton the submission to the company of proof of the death of the insured is a condition precedent to a recovery in this case, unless such proof has been waived by the company or by some agent of the company having authority to make such waiver. It not appearing from the record that such proof was submitted to the company, or that the company, or any agent of it having authority to do so, ever waived it, the verdict for the plaintiff was unauthorized, and the court erred in not sustaining the certiorari sued out by the defendant. Civil Code, § 2490; *Jackson* v. *Southern Mutual Life Ins. Co.*, 36 *Ga.* 429; *Graham* v. *Niagara Fire Ins. Co.*, 106 *Ga.* 840 (32 S. E. 579); *Lippman* v. *Ætna Ins. Co.*, 120 *Ga.* 247 (47 S. E. 593).

2. While a demand for the payment of an insurance policy, and an absolute refusal thereof, either by the company itself or an agent authorized to make such refusal, waives proof of loss (*German-American Ins. Co.* v. *Davidson*, 67 *Ga.* 11; *Ætna Ins. Co.* v. *Sparks*, 62 *Ga.* 187; *Merchants' &c. Ins. Co.* v. *Vining*, 67 *Ga.* 661; s. c. 68 *Ga.* 197; *Liverpool &c. Ins. Co.* v. *Ellington*, 94 *Ga.* 785, 21 S. E. 1006; *Continental Ins. Co.* v. *Wickham*, 110 *Ga.* 129, 35 S. E. 287), the mere fact that a payment of the premium on the policy, tendered *before* the death of the insured, was refused by an agent of the defendant company on the ground that the policy had lapsed (it not appearing that the agent was authorized to make any waiver for the company), does not show such a waiver. Nor did the following letter of the company, written to the plaintiff's attorney after the death of the insured, constitute such a waiver: "We are in receipt of your communication relative to claim of Ella Ash, Columbus, Ga., policy No. I L 88736, and note your statement that this party was taken ill April 21, 1916, and died on May 23d. As the policy requires notification of illness to be given the company within a certain specified time, and as this notice was not given us, it would appear that there is no liability in the case. Owing to the limited information at hand, we are not in a position to affirm or deny liability, but if you desire to make proof, we are enclosing pre-

liminary blank for that purpose. It is to be understood, however, the furnishing of this proof blank or its acceptance as proof is not to be construed as a waiver of any of the rights of the company, as they appear or might appear, and furthermore, it will be necessary to insist upon strict compliance with the provisions of the policy. Please see that one side of the blank is filled out by the attending physician, and the other side, in so far as it is possible, by some members of the family who are familiar with the circumstances pertaining to the previous history of illness of the deceased. On receipt of this blank properly filled out, the matter will have our prompt attention. Yours truly, E. C. Rockafellow, Adjuster."

3. The foregoing rulings being controlling in the case, it is unnecessary to pass upon the other questions raised.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED JANUARY 22, 1918.

Certiorari; from Muscogee superior court—Judge Howard. August 11, 1917.

*J. L. Willis,* for plaintiff in error.

*Ed. Wohlwender, Paul Blanchard,* contra.