23009. PATRICK, adm'x, *v.* TRAVELERS INSURANCE COMPANY.

STEPHENS, J. 1. Where in an action ex contractu it is sought to recover of an insurance company a sum alleged to be due the plaintiff as a disability benefit under a life-insurance policy issued to him which provided for the payment of benefits to him upon a disability, and the plaintiff dies, the suit may be carried on by his executor or administrator, as provided in section 5598 of the Civil Code of 1910.

2. Section 5598 of the Civil Code of 1910, which provides that "when a plaintiff in any cause now or hereafter pending shall die, the executor

or administrator of such plaintiff may be made party," contemplates that every existing right of the plaintiff as respects the prosecution of the cause is preserved and inheres in the executor or administrator. Since, where a suit has been filed and, through no fault of the plaintiff, service has not been perfected upon the defendant in time for the return term of the court, service may, by proper order, where the plaintiff has not been in laches, be perfected at a subsequent term, it follows that, where the plaintiff dies after the suit is filed but before service is perfected upon the defendant, the plaintiff's right to obtain service, whether at the first term or at a subsequent term, upon a failure to serve the defendant in time for the first term, inheres in his administrator or executor. The jurisdiction of the court over the case for the purpose of perfecting service, either at the first term or a subsequent term, which existed during the plaintiff's life after the petition had been filed, is not ousted by the plaintiff's death, but inures to the benefit of his estate as represented by his executor or administrator. The decision in *Cox* v. *Strickland*, 120 *Ga.* 104 (8) (47 S. E. 912, 1 Ann. Cas. 870), Reilly *v.* Hart, 130 N. Y. 625 (29 N. E. 1099, 27 Am. St. R. 540), and 'Green *v.* McMurtry, 20 Kan. 189, are not contra, but are distinguishable.

3. A wife, when she is the sole heir at law of the husband, and all the debts of the estate have been paid, may be made a party to a suit which was pending in the name of the husband as plaintiff prior to his death, under section 5598 of the Civil Code of 1910, which provides that the executor or administrator of a plaintiff in a cause pending may be made a party. Civil Code (1910), § 3931, par. 1; *Towns* v. *Mathews*, 91 *Ga.* 546 (17 S. E. 955) ; *Ellard* v. *Coleman*, 22 *Ga. App.* 693 (97 S. E. 111).

4. Where an action ex contractu, to recover of an insurance company a sum alleged to be due the plaintiff as a disability benefit under a life-insurance policy issued to him, was filed on March 29, 1932, and the plaintiff died the next day, and no legal service was perfected upon the defendant in time for answer to be made at the next term of court, the plaintiff's wife, who was not the executor or administrator, but who was his sole heir at law, where all the debts of the estate had been paid, had the right, at the next term of the court, to be made party plaintiff and to move that proper proceedings be had to perfect service upon the defendant. Where the court, at the return term, did, on April 30, 1932, by proper orders make the wife a party plaintiff and provide for perfecting service upon the defendant at a subsequent term of the court, viz., the July, 1932, term, and where service upon the defendant was, on May 28, 1932, perfected pursuant to this order, and where the court at a subsequent term, on October 22, 1932, on the petition of the wife as temporary administratrix, made her as such a party plaintiff to the case, a motion to dismiss the case, made by the defendant, upon the ground that the original suit was null and void because no service had been perfected on the defendant at the time of the death of the original plaintiff, that there had never been any service upon the defendant, that the wife could not be made a party plaintiff, that she had no right, under the policy, to recover, and, by her having been made a party to the case, a new cause of action was set up, was without merit. The court erred in dismissing the case upon the ground that the original

suit, because of no service having been perfected before the death of the original plaintiff, was null and void, and that there was no suit pending to which a party plaintiff could be made.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1934.

*N. F. Culpepper, R. A. McGraw,* for plaintiff.
*McDaniel, Neely & Marshall, J. F. Hatchett,* for defendant.