24591. PATRICK, administratrix, *v.* TRAVELERS INSURANCE COMPANY.

DECIDED MAY 9, 1935.

*R. A. McGraw, N. F. Culpepper,* for plaintiff.
*Neely, Marshall & Greene, J. F. Hatchett,* for defendant.

SUTTON, J. Patrick sued the insurance company on a certificate of group insurance. The petition was filed on March 29, 1932.

The next day the insured died. His wife was appointed temporary administratrix and was made party plaintiff in the action. A motion to dismiss the petition was sustained. This motion was not based upon the merits of the controversy. This court reversed the judgment of the trial court dismissing the petition. *Patrick* v. *Travelers Ins. Co.*, 48 *Ga. App.* 777 (173 S. E. 495). The following facts appear from the petition: The certificate of insurance was sold and delivered to the insured on March 26, 1927. It contained a total-disability clause, to the effect that if the insured became totally disabled while in the employ of his employer and furnished to the insurer due proof thereof, it would pay to him the benefits specified in the policy. While the policy was in full force and effect (the insured having paid all premiums demanded of him), he lost the use of one hand and foot, and thereby became wholly, permanently, and continuously disabled from pursuing his regular employment. On account of such total disability the insured terminated his employment with his employer on February 24, 1928. There was no limitation in the certificate or master policy as to the time in which suit could be brought thereon in the event of the death or total disability of the insured and the subsequent failure or refusal of the insurer to pay the amount of the insurance provided therein. Proof of death or disability could be made while the policy was in force, and under its terms it remained in force for three months after total disability, and thereafter during such disability, and until canceled according to its provisions. It did not appear that it had been canceled. The insured was a man of limited education and business experience, and did not know or understand what rights or claims he had, or may have had, against the insurer on account of his disability at the time he terminated his employment with his employer. Thereafter, on January 1, 1932, he consulted counsel and also the insurance commissioner of Georgia, and upon their suggestion, on February 1, 1932, demanded of the insurer why it had not paid him any benefits under the policy, and whether it would from then on pay him the total disability benefits provided for in the policy, the insured still being disabled as provided in the policy. The insurer contended and insisted that the insured was not then, and had not been, totally disabled as provided in the policy, and notified counsel for the insured that it would not pay anything until and unless

a suit was filed and judgment obtained against it. The insurer again filed a motion to dismiss the petition, upon the grounds, in effect, that no cause of action was set out therein against it, because there was no contract of insurance in force at the time the suit was filed and at the time of the alleged demand and refusal, it appearing from the allegations of the petition that the insured terminated his employment with his employer on February 24, 1928, and at no time thereafter did he or any one in his behalf submit to the insurer due proof of disability as provided in the certificate of insurance, and because the suit was prematurely instituted, for the reason that the certificate of insurance provided that no payment was due thereunder until after receipt by the insurer of due proof of disability. The trial judge sustained this motion and again dismissed the petition, and to this judgment the plaintiff administratrix filed her bill of exceptions to this court for a review of that judgment.

■ The filing of proof of disability, in compliance with the provisions of the contract of insurance in this case, is a condition precedent to the right of the insured to institute an action upon the contract, as no payment is due thereunder until the submission of such proof, unless the same has been waived by the insurance company, as, for instance, by an absolute refusal to pay on demand by the insured; and where the petition of the insured in an action on a certificate of insurance shows that such proof has not been filed or submitted, and no allegation setting up a waiver thereof is set out therein, or where the necessary allegations to show a compliance with these provisions in a policy of life insurance, containing total disability benefits, or allegations to the effect that there has been a waiver thereof by the insurer, are lacking in the petition, it is subject to general demurrer or motion to dismiss. *Bailey v. First National Bank,* 18 *Ga. App.* 213 (89 S. E. 80); *Graham v. Niagara Fire Ins. Co.,* 106 *Ga.* 840 (32 S. E. 579); *Continental Ins. Co.* v. *Wickham,* 110 *Ga.* 129 et seq. (35 S. E. 287).

(*a*) An absolute refusal to pay the insured, when not predicated upon the failure of the insured to furnish to the insurer due proof of disability, or some other kindred matter, constitutes a waiver of the right of the insurer to insist upon compliance by the insured with a provision in the certificate of insurance to the effect that proper proof of disability should be filed with it before

any payment to the insured should be made thereunder by virtue of such disability. *Travelers Ins. Co.* v. *Sanders,* 47 *Ga. App.* 327 (170 S. E. 387); *Life Ins. Co. of Va.* v. *Williams,* 48 *Ga. App.* 19 (172 S. E. 101) and cit; *National Life & Acc. Ins. Co.* v. *Hankerson,* 49 *Ga. App.* 352 (6) (175 S. E. 590); Code of 1933, § 56-831.

(*b*) "A refusal without making known the fact that it is predicated upon the failure to furnish proofs of loss, or some specific ground other than a denial of all liability, will be construed to mean an absolute refusal. If the company refuses to pay because of a failure to furnish proofs of loss, good faith requires that it make this fact known." *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 730 (61 S. E. 704, 14 Ann. Cas. 299).

■ An absolute refusal by the insurer to pay, made before the expiration of the time within which the insured had to furnish proof of disability will be a waiver thereof; but such refusal made after such time has expired will not be a waiver of such proof. *Harp* v. *Fireman's Fund Ins. Co.,* supra; *National Life Ins. Co.* v. *Jackson,* 18 *Ga. App.* 494 (89 S. E. 633). As appears from the statements of facts in this case, proof of disability could be made while the policy was in force, and under its terms it remained in force for three months after total disability and thereafter during such disability and until canceled according to its provisions, and it did not appear that it had been canceled.

■ A contract of insurance not under seal is a simple contract; and where such a policy contains no limitation as to when suit thereon is to be filed, the general law of this State as to suits on simple contracts shall be applied thereto, and suit on the policy must be filed within six years from the time the cause of action arises. Civil Code (1910), § 4361, Code of 1933, § 3-705. A right of action upon an insurance contract that contains a provision to the effect that no payment thereunder shall be payable until the submission of due proof of disability does not ordinarily arise until the sum claimed thereunder is due and payable. *Jackson* v. *Southern Mutual Life Ins. Co.,* 36 *Ga.* 429.

■ Applying the above rulings to the state of facts set out in the petition in this case, together with the insurance policy attached thereto, the petition set out a case for submission to the jury. The allegations in the petition, to the effect that in Febru-

ary, 1932, the insurer informed the insured that it did not consider that he was then or had been disabled, within the meaning of the insurance contract, and that it would not pay any disability benefits to him until a suit was filed and judgment obtained against it, constitutes such an absolute refusal to pay, based upon the fact that the insured was not totally disabled, as would constitute a waiver of the provision in the contract as to the filing of due proof of disability. The purpose of the filing or submission to the insurer of due proof of disability is to bring about a settlement and adjustment without the necessity of legal proceedings, and if the insurer's conduct is such as to plainly obviate the necessity thereof by indicating that it does not intend to pay the benefits claimed, because it does not consider that the insured had been or was totally disabled, then the filing or submission of such proof would be a useless gesture, and the law does not require that a person shall do an entirely useless thing. *Moore* v. *Dixie Fire Ins. Co.*, 19 *Ga. App.* 800, 803 (92 S. E. 302).

■ It follows that the trial judge erred in sustaining the defendant's motion to dismiss the plaintiff's petition and in dismissing the same.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*