### 27651. COMMERCIAL CASUALTY INSURANCE COMPANY v. MATHEWS.

Decided December 2, 1939.   Rehearing denied December 14, 1939.

*Swift, Pease, Davidson & Swinson, Bryan & Mobley,* for plaintiff in error.

*McGee & Elliott,* contra.

Guerry, J. James M. Mathews brought an action against Commercial Casualty Insurance Company on July 12, 1938, in the superior court for recovery of $50 monthly from date of accident, save as to the first six months upon which there had been a previous recovery, and for attorney fees and damages for alleged bad faith in refusing to pay the plaintiff's claim, under the terms of an accident-insurance policy providing for indemnity for continuous total disability not exceeding a period of five years. This condition of the policy was subject to the following provision: "If the insured is disabled by reason of such injury for more than thirty days, he or his representative must furnish the company every thirty days, or as near thereto as may be reasonably possible, with a report in writing from his attending physician or surgeon, fully stating the condition of the insured, and the probable duration of his disability." The accident occurred on November 7, 1935, and the insured gave preliminary notice and proofs of injury. After a lapse of six months the insured on May 23, 1936, brought suit against the company in the municipal court of Columbus, alleging the defendant's unconditional refusal to pay, and sought judgment for $300, together with attorney's fees and damages as penalty for bad faith in refusing to pay. The company denied that the insured had furnished proper proofs of injury or had otherwise complied with the provisions of the policy, inclusive of required monthly reports, and also defended upon the further grounds: (1) that the policy sued on was procured by fraud, and (2) that the alleged facts "did not constitute accidental means." The verdict and judgment were adverse to the defendant. Thereafter a motion for new trial was overruled, and an application to the superior court for a writ

of certiorari was denied, the court directing, however, that the recovery of attorney's fees and damages for bad faith be written off. The case came to this court on exceptions to the denial of the writ.

This court on March 10, 1938, affirmed the judgment of the superior court denying the writ (*Commercial Casualty Ins. Co. v. Mathews,* 57 *Ga. App.* 446, 195 S. E. 887). The company paid the judgment on April 25, 1938, and upon further demand being made for an alleged intervening permanent disability on May 29, 1938, denied all liability for the intervening months from the first six months, as "the company does not consider that any liability has accrued under the policy in view of the fact that the claimant, Mr. Mathews, has failed to comply with the conditions precedent set out in the policy." Thereupon the insured brought the instant action on July 12, 1938, and the company defended on the sole ground that the insured had not furnished the monthly reports as required under the foregoing quoted provision, contending that its plea was in good faith. The jury returned a verdict for $1500 as accruals over thirty months, all intervening months to date of trial having been included by amendment, together with further sums representing 7 per cent. interest, 12½ per cent. as penalty for bad faith, and attorney's fees of $150, for refusing to pay, all of which was approved by the court, and judgment rendered. The entire record of the proceedings in the previous action in the municipal court of Columbus was included in the instant case as a part of the petition. To the denial of the defendant's motion for new trial it excepted.

The insurance company, in the first action brought against it, denied any and all liability on the policy sued on. In *National Life Ins. Co. v. Jackson,* 18 *Ga. App.* 494 (89 S. E. 633) it is said: "An absolute refusal by the insurer to pay the loss waives a compliance with these preliminaries." Code, § 56-831; *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299); *National Life Ins. Co.* v. *Jordan,* 21 *Ga. App.* 647 (94 S. E. 862), and cit.; 7 Cooley's Briefs on Insurance, 6019. The insurer in the instant case, having denied liability on the policy, waived the necessity for furnishing of proofs of continued liability. This provision in the policy is for the benefit of the insurer. 7 Couch Cyclopedia of Insurance Law, 5442, § 1536. "The principle that a denial of liability, waiving proofs of loss, results from a statement

that the policy was never in force or has been forfeited, is also applied in cases involving life, accident, or health insurance policies." 7 Cooley's Briefs on Insurance, 6026. "The denial of liability must take place while it is yet possible for the insured to fulfill the conditions of the policy. And it is the general rule that a denial of liability within the time allowed to furnish proof of loss is waiver of such proof." 7 Cooley's Briefs on Insurance, 6033.

During the pendency of the first action against the insurer on the policy now sued on, and until the judgment of this court became the judgment of the court below, there was a continuing denial of liability on the part of the defendant. The insurer having denied any and all liability it was a useless thing for it to require the insured to continue to furnish a report from the attending physician every thirty days. The policy contained the following provision: "If the insured is disabled by reason of such injury for more than thirty days, he or his representative must furnish to the company every thirty days, or as near thereto as may be reasonably possible, with a report in writing from his attending physician or surgeon, fully stating the condition of the insured, and the probable duration of his disability." Such denial of liability amounted to a waiver of the requirement calling for continued statements from the attending physician. Our Code, § 56-831, having provided that an absolute refusal to pay waives a compliance with preliminary notice and proofs of loss, it also provides that such refusal waives a continuation of the furnishing of such notices or reports.

The plaintiff in error says in its brief that it paid the judgment obtained in the first suit, and that the defendant in error (the plaintiff in the court below) then "requested payment for all additional months which had accrued since May 7, 1937, the date of the conclusion of the first six months sued for in the first suit." The company replied to this request and said that it did not consider that any liability had accrued under the policy in view of the fact that the claimant had failed to comply with the conditions precedent in the policy. During the pendency of the first suit and until the payment of the claim adjudged to be due, there was a continuing denial of any and all liability on the part of the insurer, and its continued refusal to pay was a continuing denial of such liability, although such denial was based on the fact that the insured had not, during the pendency of the former suit, continued

to file monthly statements from his physician concerning the state of his injury. The petitions in the former suit and in the present action alleged a total permanent disability suffered by the insured. The insurer can not, by denial that the policy was ever in force, and also by claiming that the injury suffered did not constitute accidental means as insured against in the policy, after such issue has been determined adversely against it, defeat liability for the period covered by the present suit on the ground that the insured did not continue to furnish to it proofs of the continuation of a permanent injury every thirty days. This court, in *South* v. *A., B. & C. Railroad Benefit Asso.*, 52 *Ga. App.* 372 (183 S. E. 213), has said that where the insured has had adjudicated his right to disability payments under the policy in a former suit, in a subsequent suit the only issue is whether the insured was disabled during the time sued for. "The right to recover on the certificate, if he remained disabled, was settled by the former judgment." In *Washington National Ins. Co.* v. *Dukes*, 53 *Ga. App.* 293 (185 S. E. 599), it was held that a denial of any further liability on a policy of insurance waives the necessity for making proofs of the continuance of such disability. See also *Patrick* v. *Travelers Ins. Co.*, 51 *Ga. App.* 253 (180 S. E. 141) ; *Guardian Life Ins. Co.* v. *Snow*, 51 *Ga. App.* 280 (180 S. E. 241).

The former judgment may not be res judicata that the disability continued after the period sued for in the first action, but it is res judicata as to the validity of the policy and the liability of the insurer thereon, provided the disability thereunder continued. It having been judicially determined that there was a liability under the terms of this policy, that liability will continue as long as the hazard insured against continues, unless the insured omits to perform some duty or obligation fixed on him by the terms of the policy. The insurer contends that, during the time it was absolutely refusing to pay, the insured, in order to fix and continue its liability to him, should have continued to send in the reports every thirty days, and it bases its refusal to pay in this action on that ground alone, having failed to introduce any evidence controverting the insured's testimony in respect to the continuation of the alleged total disability. Its absolute refusal to pay waived its right to insist on the insured's furnishing to it every thirty days the doctor's certificate of his continued disability. Upon demand

being made for such alleged continuing total disability sued for in the later action, the insurer refused to pay on the ground that the insured had failed to furnish the thirty-day reports as provided in the policy. Under the allegations in the present case, which are supported and not denied by the evidence, we think that the company had denied absolutely its liability under the policy, and had thereby waived its right to insist on an avoidance of payment on this ground. The uncontradicted evidence for the plaintiff demanded a finding that the total disability had continued up to the time of the trial of the second suit. The insured, as shown by his letters, had offered to submit to any examination required to show his continued total disability; and the defendant having made no issue on this question and having based its refusal to pay entirely on a proposition of law which under the facts is plainly adverse to it, and this being a second verdict for the plaintiff, we think the award of damages and attorney's fees should be upheld. The remaining assignments of error are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

Movant contends in his motion for rehearing that so much of the verdict in this case as covers the period from the time of the paying of the judgment rendered against it in the first suit, to wit, May 7, 1938, up to the time of trial of this action in the court below, to wit, Nov. 7, 1938, is improperly approved by this court. This present action was filed in the trial court on July 11, 1938, and while the defendant persisted solely in the defense of failure of the plaintiff to comply with the preliminary provisions as to monthly reports, yet in its answer to that action it continued to deny liability on the policy or that the plaintiff had been injured in an accident covered by the provisions of said policy, and also denied that plaintiff had complied with the provisions as to the giving of notice every thirty days by a certificate from a doctor. This was a continuing absolute denial of liability on its part, and made it unnecessary for the plaintiff to continue to furnish the thirty-day notices of continuing total and permanent disability as provided for under the policy. We think that where the company has denied liability on the policy and has said that the policy does not cover the injury claimed, that before it can again demand a compliance with the preliminaries as mentioned in Code, § 56-831,

it must give plain and unequivocal notice that it withdraws its denial of liability on the policy and its unconditional refusal to pay and now relies on the policy and will insist on a compliance in the future with these conditions named in the policy. The insurer may not deny the contract, or that the contract covers the disability claimed, and refuse payment on that ground and still insist on a compliance with the provisions or conditions subsequent in the contract. Conditions with respect to the proof of loss and the continuance thereof are conditions subsequent to the happening of the hazard insured against. Where there is a denial that any loss is insured against, or that any loss has occurred, there is no need for the performance of these conditions subsequent.

The letters introduced in evidence in this case, written by the defendant, have never stated that it now admits, or then admitted, that the plaintiff had an injury which was protected by the terms of the policy it had issued to him, but merely stated that it would refuse to pay for the period of time accruing during the pendency of the former action because the plaintiff had not continued to give it the notice required under the policy. When sued thereon it again denied any liability on the policy, and denied the happening of the original injury as being one covered by the policy. So long as the defendant continues to deny liability under the policy the need for the service or furnishing of the thirty-day notices is suspended. It must admit the injury and its liability therefor, having heretofore continued to deny it, before it can again insist that the plaintiff comply with these terms of the policy. If any further liability occurs or the total disability continues, the insurer may for the future, by admitting that the policy is in effect and that it relies on the same, demand that the insured comply with its terms by furnishing the doctor's certificates as required therein. It can not continue its unconditional refusal to pay and at the same time insist upon the insured giving to it the notices provided for in the policy.

There is always available to the insurer the defense that the disability has ceased.

*Motion for rehearing is denied. Broyles, C. J., and MacIntyre, J., concur.*