28332. COMMERCIAL CASUALTY INSURANCE CO. *v.* MATHEWS.

DECIDED NOVEMBER 1, 1940. REHEARING DENIED NOVEMBER 20, 1940.

*Swift, Pease, Davidson & Swinson, Bryan, Richardson & Mobley,* for plaintiff in error.

*McGee & Elliott,* contra.

BROYLES, C. J. James M. Mathews sued Commercial Casualty Insurance Company on an accident insurance policy. The jury returned a verdict in favor of the plaintiff of $1500, together with further sums representing 7 per cent. interest, 12½ per cent. as penalty for bad faith, and attorney's fees of $150, for refusing to pay, all of which was approved by the court, and judgment was accordingly rendered. That judgment was affirmed by this court on December 2, 1939. 61 *Ga. App.* 358 (6 S. E. 2d, 172). On January 30, 1940, during the November, 1939, term of the trial court, the insurance company filed a motion to strike that portion of the judgment allowing attorney's fees and penalties. Upon the hearing of the motion, the court passed the following order: "Defendant having made a motion to 'strike the judgment,' in so far as it pertains to attorney's fees and penalty . . and said motion having come on for hearing, and it appearing that the asserted basis for said motion has heretofore been made the basis of a motion for new trial in this court, and by this court denied, and was subsequently made the basis for an exception on appeal to the Court of Appeals of Georgia, and the judgment of this court having been affirmed by the Court of Appeals, . . and the judgment of the Court of Appeals of Georgia having been made the judgment of the superior court of Muscogee County: it is therefore the judgment of this court that the contention made by the movant herein has been completely and finally adjudicated adversely to the movant, and it is therefore ordered that the action 'to strike the judgment' be and it is hereby denied." To that judgment the movant excepted. In our opinion the trial court properly overruled the motion to strike from the judgment the items relating to attorney's fees and penalties. This court, not being satisfied that the writ of error was sued out for the purpose of delay, declines to assess further damages.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*