29895. WALKER *v.* INDUSTRIAL LIFE & HEALTH INSURANCE CO.

SUTTON, J. 1. It is the general rule that where an insurer has in its hands funds or credits belonging to the insured, sufficient in amount to pay a premium due by the insured and unpaid, the insurer is under the duty, where the insured has not directed otherwise, to apply such credits to the payment of the premium, so as to prevent a forfeiture of the policy. 29 Am. Jur. 351, § 415 et seq.; 27 C. J. 485, § 219 et seq.; 45 C. J. 111, § 96. See *Washington National Ins. Co.* v. *Dukes,* 53 *Ga. App.* 293, 299 (185 S. E. 599), citing American National Insurance Co. *v.* Mooney, 111 Ark. 514 (164 S. W. 276), where the suit was by a beneficiary to recover death benefits.

2. Where, however, in a petition in a suit brought by a beneficiary under three similar industrial policies, providing for payment of death benefits and sick benefits, it is admitted that at the time of the death of the insured she was in arrears in the payment of premiums, and (although it is alleged that the insured was entitled in her lifetime to certain sick benefits under the policies, because of disabilities of the insured for a year or more previously to the date when the last premium was paid, sufficient in amount to pay the premiums due and unpaid at the time of the death of the insured) it is shown by the petition that the insured had not complied with provisions of the policies that "Applications for benefits must be submitted *to the nearest office of the company,* and certificates made out and signed by the attending physician on blanks furnished by the company," and "Members will be required to furnish a certificate for each week during their sickness" (italics ours), the excuse alleged for non-compliance with the requirement as to furnishing proof of disabilities being that the plaintiff, as agent for the insured, on several occasions during the period of disability asked the insurer's "collecting agents" to furnish proper blanks upon which to report the disabilities, but that they for some reason failed and refused to do so, the petition thus shows that the claimed credits for sick benefits had not been established in any amount in the lifetime of the insured, or any proof of disability made to the company's nearest office, as required by the policies, and failed to show that the proof of disability was waived by reason of the refusal, on the part of any agent whose act would bind the company as being within his authority, to furnish the necessary

blanks for reporting the disabilities, and there being no actual credits for application against the unpaid premiums, the policies ceased to be of force before the death of the insured. The controlling question here involved was dealt with in Martin v. Illinois Bankers Life Assurance Co. (Mo. App.) 91 S. W. 2d, 646, 650, in which it was said: "The trouble with the plaintiff's position is that he assumes that the disability benefit provided by the policy became payable to the insured upon the accrual of his disability, whereas under the plain terms of the policy it became payable only 'on due proof thereof.' There is no contention that proof of disability was ever furnished the company, and consequently the disability provision of the policy never became operative so as to have warranted a finding that the company had money due the insured in its possession to be applied towards the payment of his premium." (Citing.) The petition did not set forth a cause of action, and the court did not err in sustaining the defendant's general demurrer and in dismissing the suit.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED FEBRUARY 18, 1943. REHEARING DENIED MARCH 9, 1943.

*Joseph B. McGinty,* for plaintiff.
*Peyton S. Hawes, Z. B. Rogers,* for defendant.